UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No. 1:20-cv-01485-STV

KEITH CLINGMAN,

      Plaintiff,

v.

DRIVE COFFEE, LLC; DRIVE COFFEE, INC.; and
ALEX GRAPPO, an individual,

      Defendants.

## FIRST AMENDED COMPLAINT

## INTRODUCTION

1. Plaintiff Keith Clingman ("Plaintiff") worked as a Chief Marketing Officer for Defendants' coffee production company from approximately September of 2019 until April of 2020, or about seven months. During this time, he was only paid for a very small portion of the time he worked (approximately two months' worth).

2. To challenge these and other wage violations, Plaintiff brings this action, by and through his attorneys, against Colorado-based Defendants Drive Coffee, LLC and Alex Grappo, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"), and, since his work took place almost entirely within New York, under the New York Labor Law, N.Y. Lab. Law, Art. 19, § 650, *et seq.* (hereinafter, "NYLL"). Plaintiff also brings common law breach of contract and unjust enrichment claims based on

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

Defendants' failure to honor their promise to compensate the Plaintiff with equity in the company.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1332, by virtue of diversity jurisdiction. The Plaintiff is a resident of New York and the Defendants are residents of Colorado. The amount in dispute easily exceeds $75,000 because the Plaintiff's claim to unpaid wages alone exceeds $67,000, not including liquidated damages, statutory damages, attorney fees, or other claims.

4. This Court also has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* as one or more of the Defendants named herein resides in this district.

## PARTIES

**Drive Coffee Defendants**

6. Defendant **Drive Coffee, LLC** is a Cololardo limited liability company doing business within Denver County, whose principal place of business was at relevant times located at 3801 Race Street, Denver, Colorado 80205. Its registered agent is listed with the Colorado Department of State as Alex Grappo with an address of 205 Jackson St., Denver, CO 80206.

7. Defendant **Drive Coffee, Inc.** is a Delaware corporation doing business within Denver County, whose principal place of business was at relevant times located at 3801 Race Street, Denver, Colorado 80205.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Clingman v. Drive*
USDC, District of Colorado

Amended Complaint
Page 2

8. Drive Coffee, LLC is listed in delinquent status with the Colorado Department of State.

9. Drive Coffee, Inc. is listed in delinquent status with the Delaware Department of State.

10. Drive Coffee produces high end coffee products. Drive manufactures its products primarily out of a warehouse in the metro Denver area.

11. Drive advertises its product as having analogs in the sports car racing world, and it uses images of sports cars in its advertising.

12. At all relevant times, Defendant Drive had annual gross revenues in excess of $500,000.

13. Defendant Drive purchases coffee beans, supplies, equipment and other necessary items to run its coffee production company and serve its customers from out of state vendors selling such supplies, and equipment originating outside the state of Colorado.  Further, Defendant Drive advertises its café to the entire world on the internet at www.drivecoffee.com. Defendant Drive also accepts payments by credit cards and utilizes internet lines to accept and transmit payments.

14. At all relevant times, Defendant Drive was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

15. At all times material to this action, Defendant Drive was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Alex Grappo**

16. Defendant Alex Grappo, an individual, resides in the metro Denver area, upon information and belief. He is a Colorado resident.

17. Defendant Grappo is, and was at all relevant times, the CEO of Drive.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Clingman v. Drive*
USDC, District of Colorado

Amended Complaint
Page 3

18. Defendant Grappo has an ownership interest in and/or is a shareholder of both Drive Coffee entities.

19. Defendant Alex Grappo is one of the ten largest shareholders of Drive Coffee Inc.

20. At all times material to this action, Defendant Grappo actively participated in the business of Drive.

21. At all times material to this action, Defendant Grappo exercised substantial control over the functions of the company's employees including Plaintiff. For example, he had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules.

22. At all times material to this action, Defendant Grappo was an additional "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Plaintiff Keith Clingman**

23. Plaintiff Keith Clingman is a resident of Brooklyn, New York.

24. Plaintiff Clingman worked for Drive as a Chief Marketing Officer from September 15, 2019 to April 23, 2020.

25. At all times material to this action, Plaintiff Clingman was an "employee" within the meaning of 29 U.S.C. § 203(e), the NYLL, and 7 C.C.R. 1103-1(2).

26. Plaintiff's primary supervisor was Alex Grappo.

27. While in this position, Plaintiff Clingman's compensation arrangement with Drive was that he was to be paid a salary at a rate of $150,000, a 4% equity stake, benefits, and unlimited vacation days.

28. Plaintiff was wholly unpaid for several months of his employment.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Clingman v. Drive*
USDC, District of Colorado

Amended Complaint
Page 4

## LEGAL CLAIMS

### As And For A First Cause of Action:
### NEW YORK LABOR LAW (NYLL) VIOLATIONS

29. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

30. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

*Failure To Pay Wages*

31. Defendants failed to pay Plaintiff his owed wages, in violation of NYLL § 663.

*Failure To Pay Minimum Wage*

32. By paying him nothing at all for many months, Defendants failed to pay Plaintiff the minimum wage for all hours he worked, in violation of NYLL § 652.

*Failure To Pay Overtime*

33. By paying the Plaintiff nothing at all for many months, Defendants did not qualify for any exemptions since they did not meet the "salary basis test."

34. To the extent that Plaintiff worked more than 40 hours in any workweek, he is entitled to overtime compensation for those hours, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

*Failure To Pay Wages At Prescribed Frequency*

35. Plaintiff was not consistently paid on regular paydays designated in advance by the employer not less frequently than semi-monthly, in violation of NYLL § 191(1)(d).

36. When Plaintiff was separated from the company, Defendants failed to pay the wages owing in his final pay period not later than the regular payday for the pay period during which the

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Clingman v. Drive*  
USDC, District of Colorado

Amended Complaint  
Page 5

separation occurred, in violation of NYLL § 191(3).

### *Failure to Provide Pay Stubs and Wage Notices*

37. Defendant failed to furnish Plaintiff with a NYLL statutorily required "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b)

38. Defendant failed to furnish Plaintiff with "pay stubs," or a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of NYLL § 195(3), § 198(1)(d) and 12 N.Y. Comp. Codes R. & Regs. 142-2.7.

### *Record-Keeping Failures*

39. At all relevant times, Defendant Drive failed to keep true and accurate records of hours worked by each employee, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

40. Defendant failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

### *Damages*

41. Due to Defendant's New York Labor Code violations, Plaintiff is entitled to recover his unpaid wages, liquidated damages, statutory penalties, interest, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Clingman v. Drive*
USDC, District of Colorado

Amended Complaint
Page 6

## As And For A Second Cause of Action:
### NEGLIGENCE PER SE

42. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

43. Defendants have transported, offered for transportation, shipped, delivered, and/or sold in commerce, goods in the production of which any employee was employed in violation of section 206 or section 207 of the FLSA, in contravention of 29 U.S.C. § 215(a)(1).

44. Defendants have shipped, delivered and/or sold coffee and/or related products while they knew or should have known that such goods were produced in violation of article six or nineteen of the NYLL.

45. By violating the "hot goods" provisions of the FLSA and/or NYLL, they have committed negligence *per se*.  *Chen v. St. Beat Sportswear, Inc.*, 364 F. Supp. 2d 269, 292 at n. 36 (E.D.N.Y. 2005) (denying motion to dismiss negligence claim), citing *Bureerong v. Uvawas*, 959 F. Supp. 1231, 1236 (C.D. Cal. 1997).

## As And For A Third Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

46. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

***Failure To Pay Minimum Wage***

47. Defendants failed to pay Plaintiff the minimum wage for all hours worked, in violation of the FLSA.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Clingman v. Drive*
USDC, District of Colorado

Amended Complaint
Page 7

*Failure To Pay Time Overtime Properly*

48. Defendants failed to compensate Plaintiff at a rate of one- and one-half times his normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

*Record-Keeping Failures*

49. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

*Willful & Not Based On Good Faith & Entitlement to Damages*

50. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

51. At all relevant times, Defendants knew of the FLSA's requirements regarding minimum wage, overtime, tip credits, and break.  In paying Plaintiff in the manner in which they did, Defendants knowingly violated the mandates of the FLSA.

52. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

53. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Fourth Cause of Action:
### BREACH OF CONTRACT/UNJUST ENRICHMENT

54. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Clingman v. Drive*
USDC, District of Colorado

Amended Complaint
Page 8

here.

55. Plaintiff agreed to perform certain functions for Defendants, in exchange for certain compensation.

56. In exchange for his work performed for Drive, part of Plaintiff's promised compensation was, in addition to his salary and certain benefits, a promise of 4% equity.

57. Defendants never provided the Plaintiff with a formal written contract setting forth terms related to this inducement but made several promises that such an agreement was forthcoming.

58. Plaintiff was involuntarily separated from his employment with Defendants, without good cause.

59. By failing to compensate Plaintiff with equity in the company or an equivalent monetary amount, Defendants breached their contract with Plaintiff.

60. In the alternative, were a formal contract not found to exist, Defendants have been unjustly enriched by withholding monies that rightfully belong to Plaintiff. Defendants are liable to Plaintiff in the amount of compensation unlawfully withheld from to him, and other appropriate damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)  Award Plaintiff unpaid and underpaid wages due under the FLSA and/or NYLL;

(B)  Award Plaintiff liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C)  Award Plaintiff liquidated damages pursuant to NYLL § 663;

(D)  Award Plaintiff statutory damages as provided for by the NYLL for failure to

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Clingman v. Drive*
USDC, District of Colorado

Amended Complaint
Page 9

provide a wage notice and/or pay stubs pursuant to NYLL §198;

(E)    Award Plaintiff appropriate damages pursuant to his negligence claims;

(F)    Award Plaintiff interest;

(G)    Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(H)    Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **31st** day of **August, 2020.**

ANDERSONDODSON, P.C.

s/ Penn Dodson
**Penn A. Dodson**
*penn@andersondodson.com*
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 tel.
(646) 998-8051 fax

Attorney for Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Clingman v. Drive*
USDC, District of Colorado

Amended Complaint
Page 10