IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01485-RBJ

KEITH CLINGMAN,

    Plaintiff,

v.

DRIVE COFFEE, LLC, DRIVE COFFEE, INC. and ALEX GRAPPO,

    Defendant(s).

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendants Drive Coffee, LLC, Drive Coffee, Inc., and Alex Grappo (together, the "Defendants") by and through their undersigned counsel, respond to plaintiff Keith Clingman's ("Plaintiff") First Amended Complaint ("FAC") as follows:

**INTRODUCTION**

1. Defendants deny the allegations in paragraph 1 of the FAC, and specifically deny that Plaintiff was an employee and performed any services for Defendants (or any of them) for seven months. Defendants admit only that Plaintiff has been paid for all services he provided.

2. Defendants deny the allegations in paragraph 2 of the FAC.

**JURISDICTION AND VENUE**

3. Defendants deny that the amount at issue meets the threshold for diversity jurisdiction pursuant for 28 U.S.C. §1332, and for that reason denies the allegations in paragraph 3 of the FAC.

4. The allegations of paragraph 4 call for a legal conclusion and therefore no

1

response from Defendants is necessary. To the extent a response is necessary, Defendants deny that the provisions of the Fair Labor Standards Act (FLSA) apply to the allegations in the FAC and on that basis deny that jurisdiction exists based on the determination of a federal question.

     5.     Defendants admit the allegations in paragraph 5 of the FAC.

## PARTIES

     6.     Defendants admit the allegations in paragraph 6 of the FAC.

     7.     Defendants admit the allegations in paragraph 7 of the FAC.

     8.     The allegations in paragraph 8 of the FAC are based on listings with the Colorado Secretary of State, which speaks for itself. Accordingly, Defendants neither admit nor deny the allegations in paragraph 8 of the FAC.

     9.     The allegations in paragraph 9 of the FAC are based on listings with the Delaware Secretary of State, which speaks for itself. However, Defendants specifically deny that Drive Coffee, Inc. is delinquent with any requirement of the Delaware Secretary of State.

     10.     Defendants admit that they produce high-end coffee products and that it conducts certain operations from a warehouse in the metro Denver area. Defendants deny the remainder of the allegations in paragraph 10 of the FAC.

     11.     Defendants admit the allegations in paragraph 11 of the FAC.

     12.     Defendants deny the allegations in paragraph 12 of the FAC.

     13.     Defendants admit the allegations in paragraph 13 of the FAC.

     14.     The allegations in paragraph 14 call for a legal conclusion and thus no response from Defendants is required. To the extent a response is required, Defendants deny the allegations in paragraph 14 of the FAC.

     15.     The allegations in paragraph 15 call for a legal conclusion and thus no response

from Defendants is required.  To the extent a response is required, Defendants deny the allegations in paragraph 15 of the FAC.

16. Defendants admit the allegations in paragraph 16 of the FAC.

17. Defendants admit the allegations in paragraph 17 of the FAC.

18. Defendants admit the allegations in paragraph 18 of the FAC.

19. Defendants admit the allegations in paragraph 19 of the FAC.

20. Defendants admit the allegations in paragraph 20 of the FAC.

21. Defendants admit the allegations in paragraph 21 of the FAC.

22. The allegations in paragraph 22 call for a legal conclusion and thus no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations in paragraph 22 of the FAC.

**Plaintiff Keith Clingman**

23. Defendants are without sufficient information to admit or deny the allegations in paragraph 23 of the FAC and on that basis denies the allegations in paragraph 23.

24. Defendants deny the allegations in paragraph 24 of the FAC.

25. The allegations in paragraph 25 call for a legal conclusion and thus no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations in paragraph 25 of the FAC.

26. Defendants admit that Plaintiff's primary point of contact was Alex Grappo. Defendants deny the remainder of the allegations in paragraph 26 of the FAC.

27. Defendants deny the allegations in paragraph 27 of the FAC.

28. Defendants deny the allegations in paragraph 28 of the FAC.

## LEGAL CLAIMS

### First Cause of Action:
### Alleging Violations of New York Labor Law (NYLL)

29. Defendants incorporate by reference its responses to each and every allegation contained in each above paragraph in response to paragraph 29 of the FAC.

30. The allegations in paragraph 30 of the FAC call for a legal conclusion and thus no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations of paragraph 30 of the FAC.

31. The allegations in paragraph 31 of the FAC call for a legal conclusion and thus no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations of paragraph 31 of the FAC.

32. The allegations in paragraph 32 of the FAC call for a legal conclusion and thus no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations of paragraph 32 of the FAC.

33. Defendants deny the allegations in paragraph 33 of the FAC.

34. The allegations in paragraph 34 of the FAC call for a legal conclusion and thus no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations of paragraph 34 of the FAC.

35. The allegations in paragraph 35 of the FAC call for a legal conclusion and thus no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations of paragraph 35 of the FAC.

36. The allegations in paragraph 36 of the FAC call for a legal conclusion and thus no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations of paragraph 36 of the FAC.

37. The allegations in paragraph 37 of the FAC call for a legal conclusion and thus no response from Defendants is required. To the extent a response is required, Defendants deny the allegations of paragraph 37 of the FAC.

38. The allegations in paragraph 38 of the FAC call for a legal conclusion and thus no response from Defendants is required. To the extent a response is required, Defendants deny the allegations of paragraph 38 of the FAC.

39. The allegations in paragraph 39 of the FAC call for a legal conclusion and thus no response from Defendants is required. To the extent a response is required, Defendants deny the allegations of paragraph 39 of the FAC.

40. The allegations in paragraph 40 of the FAC call for a legal conclusion and thus no response from Defendants is required. To the extent a response is required, Defendants deny the allegations of paragraph 40 of the FAC.

41. The allegations in paragraph 41 of the FAC call for a legal conclusion and thus no response from Defendants is required. To the extent a response is required, Defendants deny the allegations of paragraph 41 of the FAC and specifically denies that Plaintiff is entitled to any damages.

## Second Cause of Action:
## Alleging Negligence Per Se

42. Defendants incorporate by reference its responses to each and every allegation contained in each above paragraph in response to paragraph 42 of the FAC.

43. The allegations in paragraph 43 of the FAC call for a legal conclusion and thus no response from Defendants is required. To the extent a response is required, Defendants deny the allegations of paragraph 43 of the FAC.

44. The allegations in paragraph 44 of the FAC call for a legal conclusion and thus no

response from Defendants is required. To the extent a response is required, Defendants deny the allegations of paragraph 44 of the FAC.

45. The allegations in paragraph 45 of the FAC call for a legal conclusion and thus no response from Defendants is required. To the extent a response is required, Defendants deny the allegations of paragraph 45 of the FAC.

**Third Cause of Action:**
**Alleging Violations of the Fair Labor Standards Act (FLSA)**

46. Defendants incorporate by reference its responses to each and every allegation contained in each above paragraph in response to paragraph 46 of the FAC.

47. The allegations in paragraph 47 of the FAC call for a legal conclusion and thus no response from Defendants is required. To the extent a response is required, Defendants deny the allegations of paragraph 47 of the FAC.

48. The allegations in paragraph 48 of the FAC call for a legal conclusion and thus no response from Defendants is required. To the extent a response is required, Defendants deny the allegations of paragraph 48 of the FAC.

49. The allegations in paragraph 49 of the FAC call for a legal conclusion and thus no response from Defendants is required. To the extent a response is required, Defendants deny the allegations of paragraph 49 of the FAC.

50. Defendants deny the allegations in paragraph 50 of the FAC.

51. Defendants deny the allegations in paragraph 51 of the FAC.

52. The allegations in paragraph 52 of the FAC call for a legal conclusion and thus no response from Defendants is required. To the extent a response is required, Defendants deny the allegations of paragraph 52 of the FAC.

53. The allegations in paragraph 53 of the FAC call for a legal conclusion and thus no

response from Defendants is required. To the extent a response is required, Defendants deny the allegations of paragraph 53 of the FAC, and specifically deny that Plaintiff is entitled to any damages.

### Fourth Cause of Action:
### Alleging Breach of Contract/Unjust Enrichment

54. Defendants incorporate by reference its responses to each and every allegation contained in each above paragraph in response to paragraph 54 of the FAC.

55. Defendants deny the allegations in paragraph 55 of the FAC.

56. Defendants deny the allegations in paragraph 56 of the FAC.

57. Defendants admit that they never provided a written agreement to Plaintiff but deny the remainder of the allegations in paragraph 57 of the FAC.

58. Defendants deny the allegations in paragraph 58 of the FAC.

59. Defendants deny the allegations in paragraph 59 of the FAC, specifically denying that they (or any of them) entered into a contract with Plaintiff.

60. Defendants deny the allegations in paragraph 60 of the FAC.

### Prayer for Relief

Defendants deny all allegations following the word "Wherefore" on pages 9-10 of the FAC, and deny that Plaintiff is entitled to any of the relief sought in the "Wherefore" clause of the FAC.

### Jury Demand

Defendants deny that there are any issues to be tried to a jury in this action.

### General Denial

Defendants deny each and every allegation in the FAC not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

Defendants state the following defenses to the FAC without assuming the burden of proof on any such defenses that would otherwise rest on Plaintiff and with the reservation of Defendants' right to amend or supplement its response to the First Amended Complaint as information is obtained through discovery.

**First Affirmative Defense**

Plaintiff fails to state a cognizable claim giving rise to relief against Defendants as a matter of law.

**Second Affirmative Defense**

Plaintiff's claims are barred inasmuch as the Defendants are not his "employers" as defined under Federal or State Law.

**Third Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, offset, unclean hands, and laches.

**Fourth Affirmative Defense**

Plaintiff's claims are barred in whole or in part by statutory preconditions, limitations, or exceptions.

**Fifth Affirmative Defense**

Plaintiff's request for liquidated damages and/or statutory penalties is barred because Defendants have made a good faith effort to comply with the law.

**Sixth Affirmative Defense**

Plaintiff's claims are barred in whole or in part because any violation of applicable law was *de minimis*.

**Seventh Affirmative Defense**

If Plaintiff is entitled to any damages, which Defendants deny, Defendants are entitled to set-off for damage to Defendants inflicted by Plaintiff's wrongful acts and breaches of duties, or for any payments made to Plaintiff by order of any agency, or other compensation paid to or received by Plaintiff.

**Eighth Affirmative Defense**

Plaintiff's claims for additional compensation of any type fails because Plaintiff was exempt from Federal and State overtime laws.

**Ninth Affirmative Defense**

Any act or omission giving rise to any failure to pay Plaintiff overtime was done in good faith and Defendants had reasonable grounds for believing that the act or omission was not a violation of any provision of state or federal law.  All actions taken by Defendants were taken for lawful business reasons and in good faith.

**Tenth Affirmative Defense**

Plaintiff's alleged injuries, if any, were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants.

WHEREFORE Defendants respectfully request judgment in their favor and against Plaintiff's claims, as well as an award of Defendants' costs and attorneys' fees against Plaintiff, in addition to any other relief the Court deems appropriate.

Dated this 11th day of September, 2020.

                                            Respectfully submitted,

                                            SUSSEX LAW, LLC

                                              /s/ *Lisa N. Nobles*
                                              Lisa N. Nobles
                                              Sussex Law, LLC
                                              1430 Larimer Street, Suite 307
                                              Denver, CO 80202
                                              Tel. (720) 223-6525
                                              lnobles@sussexlawfirm.com

                                              Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of September, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

penn@andersondodson.com

_s/     Lisa N. Nobles_