**UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Case No. 1:20-cv-01485-RBJ

KEITH CLINGMAN,

       **Plaintiff,**

v.

DRIVE COFFEE, LLC; DRIVE COFFEE, INC.; and
ALEX GRAPPO, an individual,

       **Defendants.**

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

A Scheduling Conference is not being held due to restrictions related to the coronavirus pandemic currently in place. The Court has reviewed the proposed order and issues this Scheduling Order with its modifications and comments noted in Track Changes for easier reference.

| | |
|---|---|
| ANDERSONDODSON, P.C.<br>Penn A. Dodson, Esq.<br>11 Broadway, Suite 615<br>New York, NY 10004<br>(212) 961-7639<br>Attorney for Plaintiff | SUSSEX LAW, LLC<br>Lisa N. Nobles<br>1430 Larimer St., Ste 307<br>Denver, CO 80202<br>(720) 223-6525<br>Attorney for Defendants |

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 et seq. of the FLSA. Jurisdiction is not contested.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a) Plaintiff: Plaintiff Keith Clingman worked for Defendants as a Chief Marketing Officer for about 7 months. During this time he was only paid a very small portion of the time he worked (approximately 2 months). He also incurred over $6,000 in expenses for which he was not reimbursed. In addition to the wholly unpaid wages, Plaintiff is also entitled to overtime pay. All of these carry liquidated damages and statutory attorney fees and costs. Further, Plaintiff also brings common law breach of contract and unjust enrichment claims based on Defendants' failure to honor their promise to compensate the Plaintiff with equity in the company.

b) Defendants: Defendant Alex Grappo operates start-up coffee company Drive Coffee, Inc. (the "Company"). In July 2019, Mr. Grappo was introduced to Plaintiff as someone who might be a good fit for the position of Chief Marketing Officer. Mr. Grappo met with Plaintiff multiple times, when Mr. Grappo traveled to New York, and discussed possibilities for Plaintiff at the company—provided additional investors came on board to push the company to the level at which it needed and could afford a Chief Marketing Officer. To that end, Plaintiff traveled to Colorado a handful of times, at the company's expense, to meet prospective investors, to see the Company's operations, and mostly to determine whether Plaintiff was a good fit for the Company. Mr. Grappo did not ask Plaintiff to perform any services, or require that he perform services at any given time, in any given place. To the extent Plaintiff performed compensable services for the company, it was as an independent contractor and federal and state wage protection laws are inapplicable to his claims. In the event Plaintiff is determined to be an employee, Plaintiff is subject to exemptions under federal and

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

New York law such that he is not eligible for unpaid wages or overtime under either one. Neither the Company nor Mr. Grappo offered to compensate Plaintiff with equity in the Company. Ultimately, Plaintiff was not brought on as an employee because he was not a good fit to guide the company to its next level. The Company compensated Plaintiff generously for the work product he provided during their informal discussions and denies that Plaintiff has earned or is entitled to any other compensation from the Company.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff's primary contact was Alex Grappo.

## 5. COMPUTATION OF DAMAGES

a. **Plaintiff**

Keith Clingman worked for Drive from September 15, 2019 until April 23, 2020, which is about 7 months. While in this position, Plaintiff's compensation arrangement with Drive was that he was to be paid a salary at a rate of $150,000. Of the seven months salary, Defendant only paid out around $25,000, leaving Plaintiff without about $61,307 of his earned salary. Plaintiff is also owed about $6,205 in out of pocket expenses bringing the totally to $67,511. Liquidated damages add an additional $67,511.

Plaintiff's time was not tracked but by a conservative estimation that he only worked 45 hours a week, he also has earned $16,767.90 in overtime. $150,000 a year divided by 52 weeks and then divided by 40 hours a week show that his regular rate is $72.12 an hour. Then $108.18 (Plaintiff's overtime rate) times 5 hours of overtime a week is $540.90. 31 weeks of overtime then is equal to $16,767.90.

b. **Defendants**

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Clingman v. Drive*
USDC, District of Colorado

Proposed Scheduling Order
Page 3

Defendants do not claim damages in this action.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a.  Date of Rule 26(f) meeting.**

September 10, 2020

**b.  Names of each participant and party he/she represented.**

AndersonDodson, PC by Penn A. Dodson, for Plaintiff

Sussex Law, LLC by Lisa Nobles for Defendants

**c.  Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

Plaintiff: September 10, 2020

Defendants: September 25, 2020

**d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

None

**e.  Statement concerning any agreements to conduct informal discovery:**

None

**f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties have agreed to electronic exchange of discovery in lieu of mailing and paper productions.

The parties also agree to have a unified consecutive numbering system for all exhibits introduced in depositions or at trial.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Clingman v. Drive*
USDC, District of Colorado

Proposed Scheduling Order
Page 4

**g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties do not anticipate extensive ESI, though they do anticipate that there will be some electronic discovery.

**h.  Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**
The parties have had fairly extensive settlement discussions but have not come to agreement.

## 7.  CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

**a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

None.  Your own proposed order, at section 9(e) shows what is fairly obvious anyway: 10 depositions per side would be disproportionate to the case.  The Court permits two depositions per side, subject to revision if necessary by the Court for good cause shown.

**b.  Limitations which any party proposes on the length of depositions.**

Standard 7 hours per deposition: I doubt you will need 7 hours per deposition, but I won't change this.

**c.  Limitations which any party proposes on the number of requests for production and/or requests for admission.**

None.

**d.  Other Planning or Discovery Orders.**

No opposed discovery motions are to be filed with the Court until the parties comply with

D.C.COLO.LCivR. 7.1(a) and the practice guidelines for Judge Jackson.  The parties will not file

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
*www.andersondodson.com*

*Clingman v. Drive*
USDC, District of Colorado

Proposed Scheduling Order
Page 5

motions or responses concerning discovery disputes. Rather, after counsel have conferred by telephone or in person, they will contact Chambers and set a telephonic hearing. If the dispute concerns responses to paper discovery (interrogatories, etc.), please provide the Court with the disputed question and responses before the hearing.

### 9. CASE PLAN AND SCHEDULE

**a. Deadline for Joinder of Parties and Amendment of Pleadings**

November 25, 2020

**b. Discovery Cut-off:**

May 20, 2021

**c. Dispositive Motion Deadline:**

June 15, 2021

**d. Expert Witness Disclosure:** N/A

1. **The parties shall identify anticipated fields of expert testimony, if any.**

   None anticipated.

2. **Limitations which the parties propose on the use or number of expert witnesses.**

   N/A

3. **The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before**

   August 30, 2021 [None anticipated]

4. **The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before September 5th, 2021** [This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]

**e. Identification of Persons to Be Deposed:**
1. Defendant Alex Grappo

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

2. Rule 30(b)(6) Representative of Defendant Drive Coffee Inc and LLC

3. Plaintiff Keith Clingman

    **f.**    **Deadline for Interrogatories:**
The deadline for Interrogatories will be on April 8th, 2021.

    **g.**    **Deadline for Requests for Production of Documents and/or Admissions:**
The Parties will serve Requests for Production and and/or Admissions on opposing counsel by April 8th, 2021.

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

    **a.**    **Status conferences will be held in this case at the following dates and times:**

A final pretrial order is not required. The Court will conduct a Trial Preparation Conference and resolve any remaining disputes concerning trial witnesses, trial exhibits, in limine issues, and jury instructions. Proposed jury instructions should be emailed to Chambers one week before the TPC, with disputed versions of instructions paired. **Please jointly contact Chambers at jackson_chambers@cod.uscourts.gov within 14 days to select TPC and Trial dates from the following options:**

    **b.**    **Proposed 3-day Jury Trial Dates:** 11/8/2021; 11/15/2021; 11/29/2021
    **c.**    **Proposed Trial Preparation Conference:** 9/30/2021 at 9:00; 10/21/2021 at 1:30; 11/5/2021 at 1:30.

## 11. OTHER SCHEDULING MATTERS

    **a.**    **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None.

    **b.**    **Anticipated length of trial and whether trial is to the court or jury.**

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Clingman v. Drive*
USDC, District of Colorado

Proposed Scheduling Order
Page 7

1-3 days, jury.

   c. **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.**

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rules.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 22nd day of September, 2020.

BY THE COURT:

*[signature: Brooke Jackson]*

_____
Hon. R. Brooke Jackson
United States District Judge

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

APPROVED:

/s/ Penn A. Dodson
ANDERSONDODSON, P.C.
Penn A. Dodson, Esq.
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639

Attorney for Plaintiff

/s/ Lisa N. Nobles
SUSSEX LAW, LLC
Lisa N. Nobles Esq.
1430 Larimer St., Ste 307
Denver, CO 80202
(720) 223-6525

Attorney for Defendants

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Clingman v. Drive*
USDC, District of Colorado

Proposed Scheduling Order
Page 9