IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01485-RBJ

KEITH CLINGMAN,

    Plaintiff,

v.

DRIVE COFFEE, LLC, DRIVE COFFEE, INC. and ALEX GRAPPO,

    Defendant(s).

---

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

---

## INTRODUCTION

Plaintiff's claims are for violations of the Federal Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  However, Plaintiff does not present any legal support from the 10th Circuit or this District to support its claim that Plaintiff was an employee who is entitled to the wage protections of either of those statutes.  Plaintiff does not produce undisputed evidence regarding Plaintiff's purported "start date", "work schedule" or even his purported "termination."  Plaintiff's Motion states what "most people" would consider as milestones.  However, the evidence in this case indicates that Plaintiff very much wanted Drive Coffee, Inc. ("Drive") to be successful.  And that he was willing—even reluctantly—to wait for funding to be able to start his position.  It is also undisputed that once the funding did not appear on the schedule that he and Drive founder Alex Grappo ("Grappo") expected, he decided that he had been cheated out of something—even though it was never his to begin with.  Ultimately, there are many disputed facts.  First, there is a genuine and material dispute as to whether Plaintiff was an employee, and the date when any

1

purported employment began and/or ended. This is a fatal flaw in the Motion because it is undisputed that the Drive Defendants did pay Plaintiff more than $20,000.00 over a period of approximately four months. *See*, Plaintiff's Summary Timeline of Key Events, Plaintiff's Statement of Undisputed Material Facts, p. 1. Plaintiff's entire argument is that the Drive Defendants did not pay Plaintiff money to which he was entitled. However, absent undisputed evidence as to (1) when Plaintiff was employed, if at all, (2) whether Plaintiff and the Drive Defendants agreed on a salary, and terms of payment, and (3) the work Plaintiff purportedly did to earn any purported salary, if anything, and (4) whether the amount Plaintiff was paid was sufficient, Plaintiff's Motion must be denied.

## ARGUMENT

### I.     Plaintiff's Motion Does Not Comport with Court Guidelines

This Court's Practice Standards are very clear regarding page limits, specifying that summary judgment motions should not exceed 20 pages—from the top of the caption to the bottom of the certificate of service and that filing a separate brief does not increase the page limit. Plaintiff filed 30 pages, with the majority of the last 15 pages single-spaced, in violation of the Local Rules of this District. For that reason, Plaintiff's Motion should not be considered. However, in consideration of our legal system's predisposition to determining claims on their merits, the Drive Defendants address the substance of Plaintiff's Motion below.

### II.    Plaintiff's Motion Must Be Denied

#### A. Legal Standard

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The nonmoving party must designate "specific facts showing that there is a genuine issue for trial."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 3224 (1986).  A disputed fact is "material if "under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).  A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.  *Thomas v. Metropolitan Life Ins. Co*, 631 F.3d 1153, 1160 (10th Cir. 2011).  At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record.  *Thomson v. Salt Lake Cnty*, 584 F.3d 1304, 1312 (10th Cir. 2009).

### B. Plaintiff Does Not Present Any Evidence of Coverage by FLSA and/or NYLL

Plaintiff's complaint was filed as an action under FLSA and the New York Labor Law, alleging that Plaintiff was not paid a minimum wage or overtime.  However, his Motion does not address even the basic elements of eligibility under each of those statutes or why it is entitled to "Liquidated damages, state law penalties, attorney fees, and costs" (Motion, p. 15) that are provided for only under those statutes.  It is the Plaintiff's burden to prove that it meets the threshold for the protections of those statutes.  *Harlas v. The Barn LLC*, 2020 WL 730313, *3 (D. Colo. Feb. 13, 2020) ("A Plaintiff seeking to invoke the protections offered by FLSA must satisfy the requirements for either enterprise coverage or individual coverage").  By limiting his argument to only whether he was an employee and whether he was paid the amount of his purported salary, Plaintiff tacitly concedes that he is not covered by the FLSA.[1]  In order to be eligible for the remedies Plaintiff requests in his Motion, he must show that he is eligible for individual or enterprise coverage under the FLSA.  *Id*.

---

[1] In fact, Plaintiff's Motion serves to reinforce the Drive Defendants' separate Motion for Summary Judgment, by acknowledging that his purported salary was to be a "management-level compensation package" (Plaintiff's Motion, p. 11) and that Plaintiff purportedly "strategized high level regarding Drive's marketing and sales opportunities and efforts." (Plaintiff's Motion, p. 12).  Both of these factors support the Drive Defendants' argument that, if an employee at all, Plaintiff was exempt under the FLSA.

### C. Plaintiff Does Not Present Undisputed Evidence of Start Date or Work Performed.

Plaintiff fails to cite any undisputed evidence of his purported start date. Instead, Plaintiff states in the narrative portion of his Motion that "Grappo invited the Plaintiff to join other 'team members' for a 'kickoff' event in Denver and Aspen. Most people would consider this to be the 'onboarding' phase." Motion, p. 14, SOF, ¶ 21. What "most people" would consider onboarding is not evidence. At a minimum, the intent of the meeting and whether Plaintiff (and the others who attended) were employees at the end of the weekend is strongly disputed. Grappo clearly testified in his deposition about that trip that it was a trip to spend time together as a group and see if these people would get along. Grappo Depo., p. 158-160. Plaintiff's description of the trip as a "kick off" appears to be Plaintiff's own terminology—he does not submit any evidence that the Drive Defendants used that terminology, it appears only in Plaintiff's Interrogatory Response. Furthermore, in that Interrogatory itself, Plaintiff acknowledges that he did not know when his exact start day would be—but that it was "depending on when [the Drive Defendants] received the investor's money." Plaintiff's SOF, p. 8. Plaintiff does not show that he had specific plans at that meeting, that there were requirements to produce a marketing plan on any given schedule, ideas of potential customers and/or media that he was supposed to contact or any other "next steps" that would befit a marketing executive. Plaintiff is correct that he eventually had a Drive email address, but neglects to cite to the fact Plaintiff did not have a Drive Coffee email address until many months later. Plaintiff's own statement of facts does not cite any communications by Plaintiff with a third party on behalf of Drive prior to January, 24, 2020 (i.e. nearly four months after the purported "kick off"). SOF, ¶ 25. Plaintiff does not cite to Plaintiff's being held out as part of the Drive team prior to February 2020. SOF, ¶ 26.

Plaintiff's Motion turns on whether he was an employee, and if so, starting on which date, and Plaintiff's failure to present any evidence of Plaintiff's start date requires that the Motion be denied. Plaintiff fails to produce specific evidence to support his argument that he performed work for the 7.5 months that he claims. Plaintiff attaches the entire deposition transcripts of himself and Grappo (in an individual capacity as well as in a Fed.R.Civ.P. 30(b)(6) role), and states that there are "hundreds of pages of texts, emails, calendars, and other contemporaneous evidence" to show that Plaintiff was purportedly working for the Drive Defendants, however, Plaintiff does not specifically identify any of those items that show that Plaintiff was taking any actions on behalf of the Drive Defendants, about which they were aware prior February 2020. "The Court is not obligated to make [a party's] arguments for [it]." *See*, *Mitchell v. City of Moore, Okla*, 218 F.3d 1190, 1199 (10th Cir. 2000). Simply because Plaintiff was communicating with Grappo, or others, *about* Drive does not mean he was working *for* Drive.

### D. Plaintiff Does Not Present Undisputed Evidence of Amount Purportedly Owed by the Drive Defendants

The first line of Plaintiff's Motion presents a red herring that is not corrected throughout the Motion, or in his Statement of Facts. Plaintiff asks "[i]s it permissible for a startup company to enjoy the benefit of workers' labors without paying for them?" However, this is not the operative question here. Plaintiff concedes that he was paid $23,450.00 for any services provided to the Drive Defendants. SOF, p. 1 & ¶ 27[2]. If this Court determines that Plaintiff is an employee, which the Drive Defendants dispute, Plaintiff's Motion makes no evidentiary showing that (a) an offer was actually made for an annual salary of $150,000 or (b) the amount that Plaintiff was paid does not proportionally satisfy the period that he worked. Plaintiff states only that he "understood"

---

[2] The Drive Defendants claim the appropriate amount that Plaintiff was paid is $24,950.00 as argued in their Motion for Summary Judgment.

his rate of pay to be $150,000 per year. SOF, ¶ 30. The only support cited is Plaintiff's own emails to the Drive Defendants, drafted and sent by Plaintiff to Grappo *after the relationship had soured*. See, *Id*. (and timeline). Plaintiff does not cite to any evidence that the Drive Defendants made a concrete offer, which Plaintiff then accepted. However, included in the exhibits filed with Plaintiff's Motion are numerous statements disputed by the Drive Defendants, that at most the parties had "an agreement to agree" at some point in the future when the Drive Defendants received funding and were able to bring Plaintiff on as a full-time employee. "There can be no binding contract if it appears that further negotiations are required to work out important and essential terms." *DiFrancesco v. Particle Interconnect Corp.*, 39 P.3d 1243, 1248 (Colo. App. 2001). In Plaintiff's deposition, he admitted that he did not know exactly what his salary was going to be. Clingman Depo, p. 55:4-57:7. In his Interrogatory Response (SOF,p. 7), Plaintiff acknowledges that he gave a salary range to Grappo, who agreed that the numbers sounded reasonable. Similarly, in the deposition transcript attached to Plaintiff's Motion, Grappo testified that he only spoke to Plaintiff about a general range of salary. Grappo Depo, p. 171:12-14.

### E. Genuine and Material Facts Exist as to Whether Plaintiff was an Employee

Plaintiff lists the factors that Courts review in order to determine whether an individual was an employee under the economic realities test. In the interest of efficiency, the Drive Defendants will not repeat the facts cited and arguments made on the same factors in their own Motion for Summary Judgment. However, the Drive Defendants note that Plaintiff glosses over the "control" factor. That Grappo was in control of the company he founded does not mean that he exercised any control over Plaintiff or his work.

### III.     Drive Defendants' Response to Plaintiff's Statement of Facts

The Drive Defendants respond to Plaintiff's Statement of Facts as follows:

**SOF ¶ 1:** Not Disputed except as to the implication that marketing statements are equivalent to a business plan.

**SOF ¶ 2-14:** Not Disputed.

**SOF ¶ 15:** Disputed as to characterization that questions about tax paperwork consisted of Grappo's entire knowledge base regarding what constitutes an "employee."

**SOF ¶ 16-20:** Not Disputed.

**SOF ¶ 21:** Disputed as to characterization as a "kick off" event for employment or for the company or anything other than a get together to see if people got along well.  Grappo Depo., p. 158-160.

**SOF ¶ 22:** Disputed only as to the basis of Plaintiff's "expectation" that he would be receiving a formal employment agreement.  Plaintiff does not submit undisputed evidence that the parties had agreed on formal terms for any employment.  Further, Plaintiff was told that his employment was contingent on the company receiving funding.

**SOF ¶ 23:** Not disputed that the submitted text is the same as what Plaintiff submitted in his Interrogatory Responses.  The Drive Defendants strongly dispute the characterization of many of the statements that Plaintiff attributes to Grappo.  The Drive Defendants point to Plaintiff's own statement supporting the fact that he understood employment was contingent on the company's receiving funding ("Alex said that he was finalizing things within investors in the coming weeks and that we would be looking at a Sept. 1st – Sept. 15th start date, or shortly thereafter, ***depending on when he received the investor's money***." (emphasis added)).  Even at the purported "kick off" meeting, Plaintiff confirmed that he did not have a concrete settlement offer.  Further, as cited in

the Drive Defendants' Motion, Plaintiff's communications with others at the time indicated that he was well aware that Drive was waiting on funding to be able to bring anyone on full time.

**SOF ¶ 24**: Not disputed as to the fact that Plaintiff sent and/or received the texts stated; disputed as to the authenticity of the Work Calendar (i.e. Plaintiff does not present any evidence that any of those calls/meetings listed on his Work Calendar actually (a) took place or (b) resulted in any work product for Drive);  also disputed that the texts with Grappo indicate anything about Plaintiff's employment status with Drive.

**SOF ¶ 25:** Not disputed.

**SOF ¶ 26:** Disputed.  See, Grappo Depo, p. 111:14-117:21 (particularly, p. 114: 10-18)("You are touching precisely with the use cases of decks in starts-ups [sic] is to paint a potential picture of the future, not in any way to serve in an organizational chart of what is in the moment.  The purpose of a deck is to show people what it would look like upon funding, if the company reached its fundraising objectives, which we did not.").

**SOF ¶ 27:** Partially disputed: The Drive Defendants issued one additional payment of $1,500 to Plaintiff at the same time as he was paid the $3,500.  See, Plaintiff's Ex. 9, Drive 0008.

**SOF ¶ 28:** Not disputed as to the words of the excerpted statements; Significantly, Plaintiff does not produce any evidence that he demanded payment, believed himself to be an employee, or told Grappo that he believed himself to be an employee until *after* the relationship had soured.

**SOF ¶ 29:** Not disputed that Plaintiff has claimed expenses; Plaintiff does not produce evidence that any of the purported expenses were bona fide expenses for any services he undertook on behalf of the Drive Defendants.

**SOF ¶ 30:** Disputed as to time period for Plaintiff's understanding. Plaintiff does not produce any evidence about Plaintiff's belief (or any good faith basis for that belief) prior to the dispute that arose between the parties.

**SOF ¶ 31:** Undisputed.

## CONCLUSION

Plaintiff identifies the "primary questions" in this case as "whether the Plaintiff was in fact an 'employee' of Defendants as that word is defined by the applicable wage laws, and what period of his work was compensable." Plaintiff has not presented undisputed fact on either question that would support summary judgment in Plaintiff's favor. There are genuine disputes about whether Plaintiff was an employee at all, particularly considering there are only genuinely disputed facts as to a purported "start date" or "termination date." Plaintiff argues that he had determined salary, but even his own testimony reveals that he understood any salary was (a) contingent on funding, and (b) to be determined at a later date. Plaintiff concedes that he was paid more than $20,000, but absent a determination of whether he was an employee, if so how long he worked, it is impossible to determine whether Plaintiff was paid appropriately (or even overpaid). Plaintiff has failed to present any evidence as to his coverage by FLSA which would also determine the appropriateness of his pay level. For all of these reasons, Plaintiff's Motion must be denied.

Dated this 2nd day of September, 2021.

                                  Respectfully submitted,

                                  SUSSEX LAW, LLC

                                  /s/ *Lisa N. Nobles*_____
                                  Lisa N. Nobles
                                  Sussex Law, LLC
                                  1129 E. 17th Avenue
                                  Denver, CO 80218
                                  Tel. (720) 223-6525
                                  lnobles@sussexlawfirm.com
                                  *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of September, 2021 I served the foregoing by sending to the following email addresses:

penn@andersondodson.com

                                  s/   Lisa N. Nobles_____