IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01485-RBJ

KEITH CLINGMAN,

    Plaintiff,

v.

DRIVE COFFEE, LLC, DRIVE COFFEE, INC. and ALEX GRAPPO,

    Defendant(s).

---

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

---

### INTRODUCTION

Drive Coffee, Inc., ("Drive") and Alex Grappo ("Grappo")(together, the "Drive Defendants") have produced evidence that Plaintiff was not their employee. The Drive Defendants have also produced undisputed evidence that if this Court disagrees with them on the issue of employee status, then Plaintiff is exempt from the protections of the Federal Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Finally, the Drive Defendants have shown that Plaintiff cannot prove that a contract was formed between the parties.

As is clear from the summary judgment pleadings, Grappo thought he had met someone who would work well in his start-up business, if he could get together the investment to hire him. Plaintiff thought that he'd found his next cool position that would return to him the status and excitement he had at Red Bull. However, as frequently happens in the start-up world, investment was slower to come than either of them wanted or anticipated. Plaintiff's contemporaneous communications show that he understood at the time that he would not have a position at Drive unless and until the company brought in new investors. Grappo shared information about the

1

business with Plaintiff and Plaintiff, eager to get started, shared ideas back. When the investment took longer than everyone expected, both Plaintiff and Grappo were disappointed. However, Plaintiff's attempts to retroactively characterize his relationship as a typical employment relationship has no merit in fact or law. Plaintiff, a self-described high-level marketing executive is not the sort of worker that is protected by the minimum wage and overtime protections of the FLSA. For that reason, Plaintiff's claims against the Drive Defendants must be dismissed.

## ARGUMENT

### I. Plaintiff Was Not an Employee—Undisputed Evidence Shows that the Relationship Fails the Economic Realities Test.

Plaintiff claims that whatever he was doing for Drive, whether he had actually been hired, whether the founder and CEO of the company knew he was doing it, whether it actually benefitted the company in any way, he is entitled to FLSA and NYLL coverage and the protections they provide. The Drive Defendants concede that the FLSA definition of "employee" is broadly construed, but "where relationships have deviated from the traditional understanding of employment in fundamental ways, the Supreme Court has refused to shoehorn them into the [FLSA]." *Frank v. Thomas J. Palic DC PC*, 2019 WL 660941, *2 (D. Colo. Dec. 5, 2019); see also, *Saini v. Motion Recruitment Partners, LLC* 2017 WL 1536276, * 5 (C.D. Cal. Mar. 6, 2017)(noting that the FLSA definition of "employee " is more broad than common-law, "[y]et, the FLSA's definition does not 'stamp all persons as employees who, without any express or implied compensation agreement, might work for their own advantage on the premises of another.'")(quoting *Walling v. Portland Terminal Co.*, 330 U.S. 148, 150 (1947)).

With respect to the economic realities test discussed in each parties' summary judgment motion, the undisputed facts point significantly towards the undeniable fact that Plaintiff was not an employee. The Drive Defendants did not exert control over Plaintiff or his activities. Plaintiff's

purported dispute of this fact does not present a genuine dispute of material fact. Plaintiff cites his own texts to Grappo—he doesn't cite any evidence that Grappo required that Plaintiff perform any particular task, set deadlines for that task, review the task, evaluate Plaintiff's performance, require that Plaintiff attend any particular meeting (regardless of whether it was on Plaintiff's calendar), or that Plaintiff was subject to review and/or termination. Despite producing hundreds of texts, Plaintiff cannot point to a single one in which Grappo interacted with Plaintiff in the manner of a supervisor or boss. *See*, Plaintiff's Response, p. 6 (response to SOF 7).

Plaintiff does not dispute that he provided his own computer and other equipment. While marketing is an integral part of any new business, the services purportedly provided by Plaintiff were not. For instance, Plaintiff himself cites to his own text to Grappo just days before the holiday season started to ask ***if the company had any marketing plans for the holidays***. *See*, *Id*. Plaintiff was not inquiring about when they were launching whatever marketing plans he had developed, whether Grappo approved of some plan Plaintiff had pitched, or whether the special packaging or product photos were ready to go, or any other topic that one would expect from a marketing executive right before the holiday. Plaintiff was asking "if" there was a marketing plan. While marketing was essential to the Drive Defendants' business, Plaintiff was not performing that work.

Significantly, Plaintiff does not present any material dispute regarding the communications he made contemporaneously with other hopeful Drive team members. See, Plaintiff's Response, p. 8, response to SOF 9. Plaintiff repeatedly expressed anxiety and frustration about when "things would get started" and commiserated that he and others were ready to "get going." Plaintiff groused about the status of a Drive investor's divorce and whether Grappo would be able to bring them on when the money was finally invested. See, Ex. 5 to Drive Defendants' Motion. Plaintiff simply acknowledges that the texts speak for themselves—and they do. Combined with the

communications from Grappo, the lack of control, lack of any formal on-boarding, or lack of any actual termination, it is undisputed that whatever relationship Plaintiff had with the Drive Defendants, it was not one of a traditional hourly worker that the FLSA and NYLL are designed to protect.

## II. If Plaintiff Was an Employee At all, He Was Exempt

The Drive Defendants presented evidence that, if Plaintiff was an employee at all, he was exempt as an administrative employee. Plaintiff states that this case turns on whether Plaintiff was the Drive Defendants' employee and for what period of time, but Courts in this District recognize that a detailed analysis of whether a worker was an employee does not matter if that employee would be exempt in any event. *See*, *Scott v. Antero Resources Corp.*, 2021 WL 2012326, *5 (D. Colo. May 20, 2021)(Despite a dispute between the parties about proper classification of the workers, the Court decided the case based strictly on the applicability of the highly compensated employee exemption and noted that because the case was decided based on the exemption status, determination of proper classification was not necessary).

The first factor to be analyzed in consideration of a person's exemption status is the worker's "primary duty" and then to determine whether that primary duty disqualifies the employee from FLSA's protections. *Maestas v. Day & Zimmerman, LLC*, 664 F.3d 822, 827(10th Cir. 2012). Plaintiff did not present any genuine facts to dispute that Plaintiff's duties fall squarely within the administrative exemption—either in his response to the Drive Defendants' motion or in his own cross motion. The Drive Defendants' Motion pointed to undisputed evidence that Plaintiff's only duties were exempt duties—as defined under 29 C.F.R. §541.201(b), both from Plaintiff's interrogatory responses and deposition testimony. In his Response, Plaintiff did not even mention Plaintiff's duties in the context of exemption eligibility. Further, in Plaintiff's own

4

summary judgment motion, Plaintiff confirms that his work was all in marketing and sales. If the opposing party "fails to properly address another party's assertion of fact," a district court may consider the fact undisputed and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2) & (3). Accordingly, there is no dispute that Plaintiff's primary duties qualify him for the administrative exemption.

Plaintiff's sole basis for arguing that he is not subject to the administrative exemption is the non-traditional timing of the money that he received from Drive. Plaintiff argues that the regulations providing for payment on a "weekly, *or less frequent basis* . . ." means something more than what it says. As it is, the regulations governing FLSA exemptions do not require payment on any particular schedule or frequency.[1] What was certainly not intended was for the salary-basis regulation to be a "gotcha" that automatically transforms an exempt employee into a non-exempt employee. Plaintiff does not argue or provide any evidence that his payment from Drive was reduced (or subject to reduction) based on his poor work performance or unavailability, which are improper deductions that prevent exempt status from attaching. 29 C.F.R. § 541.602. The salary-basis test is designed to prevent employers from "docking [exempt workers'] pay for working less than a full eight-hour day" and thus circumventing overtime and minimum wage requirements. *Ellis v. J.R's Country Stores, Inc.*, 779 F.3d 1184, 1188 (10th Cir. 2015). That is not the situation here. Plaintiff does not allege (nor can he) that any issues with payments he received were due to his failure to appear for work or due to poor performance.

---

[1] As compared to state laws—many of which require payment twice monthly, or two payments per month not to be more than 10 days or 16 days apart. For a chart showing all such requirements, see, https://www.dol.gov/agencies/whd/state/payday

Courts have rejected a too-literal analysis of the salary basis test, like that proposed by Plaintiff, particularly where it would result in outcomes that are contrary to the intent of the FLSA. In *Scott v. Antero Resources*, *supra*, the Court found that even though 29 C.F.R. 541.602 required payment on a "weekly or less frequent basis," oil industry workers who were paid on a day rate still qualified for the exemption. The Court wrote that the exemption was appropriate on a "policy level," stating that an opposite conclusion would result in "employers [having] to pay highly skilled, highly compensated individuals . . . substantially high overtime wages" which "would be inconsistent with Congress's 'intent . . . to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce.'" *Id*. (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)); *see also*, *Pioch v. IBEX Engineering Service, Inc.*, 825 F.3d 1264, 1271 (11th Cir. 2016)(declining to convert an exempt employee to a non-exempt employee subject to overtime and minimum wage during period when he was paid nothing at all; "[t]he FLSA, after all, is not a vehicle for litigating breach of contract disputes between employers and employees. . . . What Mr. Pioch is essentially trying to do is assert a state-law breach of contract claim for his agreed-to hourly rate through the FLSA").

Plaintiff's failure to raise any material disputed facts regarding his eligibility for the administrative exemption must result in the Drive Defendants' motion being granted and the FLSA claims against them being dismissed.

### III. Plaintiff Did Not Have a Contract with the Drive Defendants

Plaintiff's Response improperly shifts the burden of this claim to the Drive Defendants. *Ali v. Jerusalem Restaurant, Inc.,* 2015 WL 1345326, *5 (D. Colo. Mar. 23, 2015)("Under Colorado law, to prove a breach of contract claim, a plaintiff must establish the following elements:

6

(1) the existence of a contract; (2) plaintiff's performance or some justification for nonperformance; (3) defendant's failure to perform; and (4) resulting damages to the plaintiff."). Because Plaintiff has the burden to show the existence of a contract, it is sufficient for the Drive Defendants to show that Plaintiff cannot do so. *Bernard v. Group Pub., Inc.*, 970 F.Supp.2d 1206, 1210 (D. Colo. 2013) ("When the movant does not bear the ultimate burden of Plaintiff does not bear the ultimate burden of persuasion at trial, the movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.")(internal citations omitted). Plaintiff does not provide any evidence to show that he and Grappo did in fact have a "meeting of the minds" that would be sufficient to form a contract. Even Plaintiff's own deposition testimony and his interrogatory responses reflect that the discussion between Grappo and Plaintiff was on-going and dependent on receipt of investor money. Because Plaintiff cannot show undisputed facts that a contract was formed between the parties for Plaintiff to be paid a set amount of money, on a determined schedule, for which he would perform specific duties, his claim for breach of contract must be dismissed.

## CONCLUSION

For the reasons stated in the Drive Defendants' Motion for Summary Judgment, their Response in Opposition to Plaintiff's Motion for Summary Judgment and those stated herein, the Drive Defendants request that this Court grant their Motion, deny Plaintiff's motion and dismiss all claims against the Drive Defendants.

Dated this 7th day of September, 2021.

                                            Respectfully submitted,

                                            SUSSEX LAW, LLC

                                            /s/ *Lisa N. Nobles*
                                            Lisa N. Nobles
                                            Sussex Law, LLC
                                            1129 E. 17th Avenue
                                            Denver, CO 80218
                                            Tel. (720) 223-6525
                                            lnobles@sussexlawfirm.com
                                            *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of September, 2021 I served the foregoing by sending to the following email addresses:

penn@andersondodson.com

                 *s/   Lisa N. Nobles*