IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 1:20-cv-01485-RBJ

KEITH CLINGMAN,

    Plaintiff,

v.

DRIVE COFFEE, LLC,
DRIVE COFFEE, INC., and
ALEX GRAPPO,

    Defendants.

---

MINUTE ORDER RE: MOTION FOR RECONSIDERATION, ECF NO. 48

---

Entered by Judge R. Brooke Jackson on November 12, 2021.

    Before the Court is the plaintiff's motion for reconsideration of the Court's order on summary judgment. ECF No. 48. The motion is granted in part, and denied in part. In the motion for reconsideration plaintiff states that under the NYLL, payments of wages to "clerical and other workers" must be paid "not less frequently than semi-monthly, on regular pay days designated in advance by the employer." Plaintiff, or at least plaintiff's counsel, apparently wants to advance the theory at trial that because defendant did not pay him anything in the months of his alleged employment other than the three or four large payments he received, then he was a clerical or other worker who is entitled to minimum wages for those semi-monthly periods during which nothing was paid. Defendant does not respond to the NYLL argument. Defendant states that there is no similar requirement in the FLSA. Plaintiff's motion did not cite any such provision in the FLSA. Therefore, the motion for reconsideration is granted as to the NYLL claim.

    Having said that, however, the Court is dumfounded that plaintiff wishes to assert the claim, and almost somewhat surprised that the defendant opposes it. Plaintiff is trying to convince a jury that he was hired as the Chief Sales and Marketing Officer at an annual salary of $150,000. He seems to want the jury to award him for something like seven months at that rate. But plaintiff nevertheless clings to his theory that he is entitled to be paid minimum wages as a clerical worker during the periods that he wasn't paid the big chunks. That would add up to some amount far less than what he would be entitled to under his Chief Sales and Marketing Officer theory. Not only are these inconsistent theories baffling, but his minimum wage theory seems to this Court to be an open invitation to the jury to award the minimum

1

wage amounts at $20 per hour for the gap periods, even if the jury accepts his theory that he was employed or that he should receive compensation for unjust enrichment.  Plaintiff's counsel astonishingly states in his motion that he is concerned about the precedent.  His duty is to this client, not some other present or future clients who might be adversely affected by some precedent.  And, why wouldn't the defendant be delighted for the jury to have this less expensive option available to the jury in case the jury finds that there was liability.  I would guess that defendant would consider paying the minimum wage for the gap periods right now if that would resolve the case.  You lawyers presumably know the plusses and minuses better than the Court does, but from this perspective, there is a "be careful what you ask for" aspect to this.