IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01485-RBJ

KEITH CLINGMAN,

    Plaintiff,

v.

DRIVE COFFEE, LLC, DRIVE COFFEE, INC. and ALEX GRAPPO,

    Defendant(s).

**Defendants' Letter Regarding Dismissal of Plaintiff's Claims Under the Fair Labor Standards Act in their Entirety**

To the Honorable R. Brooke Jackson, Plaintiff Keith Clingman and his Counsel of Record:

    In accordance with this Court's Practice Standards, Defendants Drive Coffee, LLC, Drive Coffee, Inc. (together, "Drive" or the "Company") and Alex Grappo (collectively the "Defendants") hereby submit a letter addressing the basis for dismissal of Plaintiff's claims under the Fair Labor Standards Act (the "FLSA") in their entirety. Counsel for Defendants evaluated the remaining FLSA claims after the Court entered its order on Plaintiff's motion for reconsideration and determined that all substantive FLSA claims had been dismissed by the Court. Counsel for Defendants attempted to confer with counsel for Plaintiff, but believes that he is traveling from out of state and did not receive a response on the attempted conferral at the time this letter was submitted. Given that a trial is scheduled in this matter for trial tomorrow, November 15, 2021, Defendants request that this Court allow them to move at that time to dismiss the FLSA claims in their entirety, based on the arguments and authorities cited below.

**Procedural Background**

In Plaintiff's First Amended Complaint (the "FAC"), Plaintiff alleges four claims under the Fair Labor Standards Act ("FLSA"):

    (1) Failure to Pay Minimum Wage
    (2) Failure to Pay Time Overtime Properly
    (3) Record-Keeping Failures
    (4) Willful & Not Based on Good Faith & Entitlement to Damages.

FAC, ¶¶ 46-53 [Docket No. 12-1].

    In its Order on the Cross Motions for Summary Judgment (the "Order"), this Court ruled that "[s]ummary judgment is warranted" in favor of Defendants with respect to Plaintiff's claims for overtime under the FLSA and New York Labor Law ("NYLL"). [Docket No. 47, p. 14]. This Court also found as to Plaintiff's claim for failure to pay minimum wage that "Plaintiff has not raised a genuine dispute of material fact" so that summary judgment in favor of Defendants was

also warranted. *Id*., at 15.  Plaintiff asked the Court to reconsider its ruling on the minimum wage claims and the Court denied that motion as to the FLSA minimum wage claims. [Docket no. 59]. Accordingly, Plaintiff's claims as to minimum wage under the FLSA and as to overtime under the FLSA and NYLL cannot proceed to trial.

Elsewhere in the Order, the Court denied Defendants' claim that Plaintiff was an exempt employee and therefore not eligible for FLSA claims stating "[i]f  Mr. Clingman meets the other requirements to recover under those acts, he can proceed on his FLSA and NYLL claims." [Docket 47, p. 8].  Yet, the only FLSA claims remaining are for "Record Keeping Failures" and "Willful & Not Based on Good Faith & Entitlement to Damages"—neither of which is a stand-alone private cause of action under the FLSA.  Accordingly, Plaintiff's claims under the FLSA must be dismissed in their entirety.

### **The Remaining Claims Are Not Stand Alone Claims**

As discussed above, Plaintiff's two substantive claims under the FLSA have already been addressed by this Court and dismissed.  The remaining claims are not claims that can form a stand-alone basis for recovery of damages, and therefore the FLSA claims must be dismissed in their entirety.

Plaintiff's claim for "Record-Keeping Failures" under the FLSA is not a stand-alone claim. *See*, *Bracamontes v. Bimbo Bakeries U.S.A. Inc.*, 2016 WL 5791202, \*2-3 (D. Colo. Sept. 30, 2016)("There is nothing that convincingly demonstrates  . . . legislative intent [to create a private cause of action for recordkeeping violations under the FLSA].  Indeed, the weight of authority tends to the contrary."); *see also*, *Schneider v. Landvest Corp.*, 2006 WL 322590, FN 3 (D. Colo. Feb. 9, 2006)("To the extent that Plaintiffs' complaint may be deemed to assert a claim for violation of the record keeping requirements of the FLSA, I find no evidence of Congressional intent to allow a private right of action."); *see also*, *Farmer v. DirectSat USA, LLC*, 2010 WL 3927640 (N.D. Ill. Oct. 4, 2010)(" . . .Plaintiffs cannot maintain a stand-alone private cause of action for record keeping violations under the FLSA.")(collecting cases).

Plaintiff's claim for "Willful & Not Based On Good Faith & Entitlement to Damages" under the FLSA must similarly be dismissed.  This claim is wholly based on the assumption that Defendants' actually violated the FLSA in a substantive manner.  Considering the Court's dismissal of all substantive FLSA claims, this claim is now based on nothing.  Accordingly, it must also be dismissed.

Dated this 14th day of November, 2021.          Respectfully submitted,

/s/ *Lisa N. Nobles*_____
Sussex Law, LLC
1129 E. 17th Ave.
Denver, CO 80218
Tel. (720) 223-6525; lnobles@sussexlawfirm.com

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November, 2021 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

penn@andersondodson.com
Christopher@andersondodson.com

                                                                                                                                 *s/     Lisa N. Nobles*