# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

**Civil Case No. 1:20-cv-01485-RBJ**

KEITH CLINGMAN,

      **Plaintiff,**

**v.**

DRIVE COFFEE, LLC; DRIVE COFFEE, INC and
ALEX GRAPPO, an individual,

      **Defendants.**

---

## [*Proposed*] JURY INSTRUCTIONS

---

Plaintiff and Defendants respectfully jointly submit the following revised Proposed Jury Instructions that take into account the Court's comments and rulings since our original submissions. The parties note that the portions indicated in "strike-through" font relate to the subject of the Defendant's pending motion (regarding the status of the federal claims).

## INSTRUCTION NUMBER ONE

**Ladies and gentlemen of the jury:**

      Now that you have heard the evidence and will soon hear argument, it becomes my duty to give you the instructions of the court as to the law applicable to this case. It is your duty as jurors to follow the law as I shall state it to you and to apply the law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by the court.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Clingman v. Drive Coffee*
Case No. 1:20-cv-01485-RBJ

Proposed Jury Instructions
Page 1

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every civil case- for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case, and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.

Counsel may properly refer to the governing rules of law and their closing arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the court and these instructions, you are, of course, to be governed by the final instructions of the court.

Nothing the court says in these instructions is to be taken as an indication that the court has any opinion about the facts that the jury must determine, or what that opinion is. It is not the function of the court to determine those facts, but rather yours- and yours alone.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, bias, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, followed the law as it is now being given to you, and reach a just verdict, regardless of the consequences. That is the oath that you took and the promise you made.

Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded entirely.

The evidence in the case consists of the sworn testimony of the witnesses, regardless of who called them; all exhibits received in evidence, regardless of who produced them; and all facts which may have been admitted, stipulated, or judicially noticed. The statements and arguments of the lawyers are not evidence. The legal rulings of the court are not evidence. The comments and

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Clingman v. Drive Coffee*
Case No. 1:20-cv-01485-RBJ

Proposed Jury Instructions
Page 2

questions of the court are not evidence. Although you are restricted to the evidence, you may draw reasonable inferences from the evidence. Put another way, there are two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, presented by a percipient witness such as the testimony of an eyewitness or ear witness. The other is indirect or circumstantial evidence, that is, the proof of facts from which the existence or nonexistence of certain other facts may reasonably be inferred. As a general rule, the law makes no distinction between direct and circumstantial evidence but requires that the jury find the facts in accordance with the evidence in the case, both direct and circumstantial.

However, when the attorneys on both sides have stipulated or agreed as to the existence of a fact, the jury must accept the stipulation and regard that fact as proved.

If any reference by the court or by counsel to matters of evidence - whether testimony or exhibits - does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the court or of counsel. You are the sole judges of the evidence-testimony and exhibits- received in this case.

The mere number of witnesses appearing for or against a particular fact, issue, or proposition does not in and of itself prove or disprove that fact, issue, or proposition. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be disregarded entirely.

Any finding of fact you make must be based on probabilities, not possibilities. A finding of fact may not be based on surmise, speculation, or conjecture.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Clingman v. Drive Coffee*
Case No. 1:20-cv-01485-RBJ

Proposed Jury Instructions
Page 3

Any verdict of the jury must represent they considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Any verdict must be unanimous.

As jurors, it is your duty to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re examine your own views, and change your opinion, if convinced it is erroneous. However, do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges- judges of the facts. Your sole interest is to seek the truth from the evidence in the case and return just verdicts based on the evidence in the case and the law as the court has presented it to you.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

## INSTRUCTION NUMBER TWO

The plaintiff has the burden of proving his claims by a preponderance of the evidence. In this civil action, the burden is on the plaintiff to prove every essential element of each claim by a preponderance of the evidence. If the proof should fail to establish any essential element of a claim by preponderance of the evidence, the jury should find for the defendants as to that claim.

The defendants have the burden of proving any affirmative defense by a preponderance of the evidence. The burden is on the defendants to prove every essential element of each affirmative defense by a preponderance of the evidence. If the proof should fail to establish any essential element of an affirmative defense by a preponderance of the evidence, the jury should find for the plaintiff as to that affirmative defense.

To "establish by the preponderance of the evidence" means to prove that something is more likely to be true than it is to not be true. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

It is often said that the evidence is to be weighed on scales, and when the Plaintiff bears the burden of proof, if you find that the evidence on any issue of fact weighs equally in the favor of Plaintiff and Defendants, that is, that the scales are evenly balanced, then Plaintiff would have failed in his burden of proving the case as to that item. However, if the scales tilt, in favor of the Plaintiff, even a slight amount, that would constitute a preponderance of the evidence and would satisfy the legal burden of proof imposed upon the Plaintiff. Similarly, where the Defendant bears the burden of proof on affirmative defenses, if the scales tilt in favor of the Defendant, that would

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Clingman v. Drive Coffee*
Case No. 1:20-cv-01485-RBJ

Proposed Jury Instructions
Page 5

constitute a preponderance of the evidence and would satisfy the legal burden of proof imposed upon the Defendant for that affirmative defense.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof for a criminal trial. However, a plaintiff in a civil case does not have to satisfy that requirement, and therefore you should put it out of your mind. The preponderance of the evidence does not require so much proof as to produce absolute certainty or proof beyond a reasonable doubt. It is merely the slightest tipping of the scales which determines preponderance of the evidence.

In determining whether any fact has been proved by preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them, and any fact that has been admitted, stipulated, or judicially noticed.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Clingman v. Drive Coffee*
Case No. 1:20-cv-01485-RBJ

Proposed Jury Instructions
Page 6

**INSTRUCTION NUMBER THREE**

It is the sworn duty of the attorney on each side of a case to object when the other side presents testimony or exhibits which the attorney believes are not properly admissible. Only by raising an objection can a lawyer obtain a ruling from the court as to the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his client because the attorney has made objections. Also, do not interpret any rulings I may make on objections as somehow indicating to you who I believe should win or lose the case.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

# INSTRUCTION NUMBER FOUR

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witnesses, by the manner in which each witness testifies, by the character of the testimony given, and by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witnesses intelligence, motive, and state of mind and demeanor or manner while on the stand. Consider that witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently, and innocent mis-recollection, like failure of recollection, as not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you think it deserves.

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

**INSTRUCTION NUMBER FIVE**

In this case, the Plaintiff (Keith Clingman) brings claims for unpaid wages under the New York Labor Law ("NYLL"). The New York Labor Law requires employers to pay all wages earned by employees. The reason why it is the New York Labor Law rather than Colorado law is that the Plaintiff lived and worked in New York. Colorado is where the Defendants (the company Drive Coffee and its founder, Alex Grappo) are based, which is why the case was brought here.

Under the law, an employee is entitled to the greater of two legal protections but not both in regard to base rate of pay. If ~~if~~ an employee shows by a preponderance of the evidence that he was entitled to receive a rate of pay greater than the minimum wage, he may be awarded that rate of pay for his work, but not also a separate award for minimum wage. Your job will not be to determine where the overlap is. Your job will be to decide whether the Plaintiff is eligible for damages under each of the legal theories he has raised; the judge will decide as a matter of law where there is duplication or not.

The Plaintiff has also included claims in his lawsuit regarding minimum wage violations, under ~~both~~ the NYLL ~~and also the federal wage law, the Fair Labor Standards Act ("FLSA")~~.

~~One of the main differences between the New York and federal wage laws relevant to this case is that in addition to the minimum wage and overtime requirements that are present in both of these laws,~~ New York law ~~also~~ requires that *all* earned wages be paid. For example, if an employee is supposed to receive pay in excess of the minimum wage rate, he or she can recover the full amount of the owed wages, not just minimum wage, under New York state law.

The NYLL also has requirements that employers provide specific kinds of "wage notices" stating the employee's rate of pay, and that they provide employees with pay stubs. Failure to do either of those things can result in penalties.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Clingman v. Drive Coffee*
Case No. 1:20-cv-01485-RBJ

Proposed Jury Instructions
Page 9

A "wage notice" is a written document the employer is required to provide the employee containing the following information relevant to this case: "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; … the regular pay day designated by the employer… the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; … Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, …. of receipt of this notice, which the employer shall preserve and maintain for six years."

In regard to paystubs, the NYLL requires employers to provide to employees "a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage… and net wages.…"

The Defendants deny that Plaintiff was an employee of Drive Coffee and deny they owe the Plaintiff any wages or money at all. The Defendants contend that they have paid Plaintiff in full for any services he provided to them.

In order for Plaintiff to have any remedy under either of these statutes, he must be able to prove by a preponderance of the evidence that he was an employee of Drive Coffee, as described and defined in these instructions. If an individual is not an "employee" of a company, that company is not required to conform to state or federal minimum wage laws in regard to that person.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

Using the facts that you find from a preponderance of the evidence and the instructions of the court, these are the matters for you to decide.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.AndersonDodson.com*

*Clingman v. Drive Coffee*
Case No. 1:20-cv-01485-RBJ

Proposed Jury Instructions
Page 11

# INSTRUCTION NUMBER SIX

To succeed on his New York Labor Law claim against Defendants, Mr. Clingman must prove the following elements by a preponderance of the evidence:

1. The NYLL applies (New York was where he was physically located during his work for Defendants);

2. Plaintiff was an "employee" of the Defendants during at least some portion of the period at issue, i.e. from September 2019 to April 2020; and

3. Either or both of the following occurred:

   a. Defendants failed to pay the Plaintiff the wages that he had earned; and/or

   b. Defendants failed to pay the Plaintiff wages at or above the state minimum wage rate ($15.00 per hour) for all hours he worked during one or more workweeks;

If you find that the Plaintiff has failed to prove #1, #2, and both aspects of #3 of the above by a preponderance of the evidence, then you must find against him on his claim and in favor of the Defendant.

If, on the other hand, you find that the Plaintiff has proven #1, #2, and either or both aspects of #3 of the above propositions by a preponderance of the evidence, then you must find in his favor and against the Defendants

**Notes:**

**In regard to #1**, see the instruction regarding Stipulations the parties have entered into, below.

**In regard to #2,**
- Under New York Labor Law, an "employee" is defined as "any person employed for hire by an employer in any employment" and an "employer" is "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."
- An "employee " as "any individual employed by an employer." The word "employ" "includes to suffer or permit to work."
- While an expectation of compensation is not necessary for employee status, it is "a factor in favor of finding an employment relationship."

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Clingman v. Drive Coffee*
Case No. 1:20-cv-01485-RBJ

Proposed Jury Instructions
Page 12

- Workers cannot choose whether to be covered under the NYLL, and thus, a worker's expectations cannot determine eligibility for wage protection.

**In regard to #3,**
- By law, no employer "shall make any deduction from the wages of an employee," with exceptions not relevant here. Nonpayment of earned wages is considered an "unlawful deduction" to earned wages.
- "Workweek" means a regularly recurring period of seven days or 168 hours, as designated by the employer. Each workweek stands alone. To satisfy minimum wage requirements, wages must be paid on a consistent basis such as on a weekly or biweekly basis.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.AndersonDodson.com*

*Clingman v. Drive Coffee*
Case No. 1:20-cv-01485-RBJ

Proposed Jury Instructions
Page 13

**INSTRUCTION NUMBER SEVEN**

Under both New York ~~and federal~~ law, employees must be paid at or above the applicable minimum wage rate for all hours worked (even if the person is not paid on an hourly basis). The minimum wage rates applicable to this case are as follows:

~~FEDERAL:     July 24, 2009 to present -- $7.25 per hour~~

NEW YORK:   December 31, 2018 to present -- $15.00 per hour

For example, ~~$7.25 per hour times 40 hours is $290.~~ $15 per hour times 40 hours a week is $600. ~~If an employee receives a salary of $500 per week and no other compensation, this would be less than minimum wage in New York, but greater than the federal minimum wage. Thus, in this example the employer would have violated New York but not federal minimum wage laws.~~

If an employee is not paid at all for a certain period of time, that is a violation of the minimum wage laws. Each workweek stands alone.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

**INSTRUCTION NUMBER EIGHT**

~~The Fair Labor Standards Act and~~ New York Labor Law ~~both~~ require_s_ employers to maintain accurate and detailed records of their employees' hours and wages, including their total hours worked, the total wages paid to employees, overtime hours, hourly rates of pay and overtime rates of pay.  An employee does not have a right to sue simply based on the lack of records, but an employer's lack of records can simply determine how the employee's work time is calculated.

An employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of "just and reasonable inference." The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

If the employer's records are inaccurate or inadequate, an employee needs to show that he has in fact performed work for which he was not properly compensated.  He may do so through testimony based on his memory and recollection alone and may provide estimates of his hours of work. Based on that evidence, you may then reasonably infer violations of the law and the amount of damages. Where the employer has not maintained adequate records, the employer bears the burden of proof to show that the Plaintiff's evidence is unreasonable. If they cannot do so, then the Plaintiff's evidence stands.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Clingman v. Drive Coffee*
Case No. 1:20-cv-01485-RBJ

Proposed Jury Instructions
Page 15

# INSTRUCTION NUMBER NINE

To succeed on his federal minimum wage claim against Defendants, Mr. Clingman must prove the following elements by a preponderance of the evidence:

1. The FLSA applies

2. Plaintiff was an "employee" of the Defendants during at least some portion of the period at issue, i.e. from September 2019 to April 2020; and

3. Defendant failed to pay the Plaintiff at or above the federal minimum wage rate ($7.25 per hour) for all hours he worked during one or more workweeks.

If you find that the Plaintiff has failed to prove #1, #2, and/or #3 of the above by a preponderance of the evidence, then you must find against him on his claim for minimum wage pay and in favor of the Defendant.

If, on the other hand, you find that the Plaintiff has proven all three propositions by a preponderance of the evidence, then you must find in his favor and against the Defendant.

**Notes:**

FLSA rights re non-waivable. The employee's right to be paid minimum wage and overtime wages cannot be revoked by his employer or waived by the employee. For this reason, an employer cannot be excused from liability for a violation of the Fair Labor Standards Act even though some or all employees may have consented to be paid for less time than that required by the Fair Labor Standards Act." An announcement by the employer that no overtime work will be permitted, or that overtime work will not be compensated unless authorized in advance, will not impair the employee's right to compensation for work which he is actually suffered or permitted to perform.

**In regard to #1,** for federal laws to apply, certain criteria must be met. In this case, the FLSA applies if, in the Plaintiff's work for the Defendant, "the Plaintiff was engaged in commerce or in the production of goods for commerce and/or was employed by an enterprise engaged in commerce or the production of goods for commerce that had annual gross sales of at least $500,000"

- "Commerce" means any trade, commerce, transportation, transmission or communication between any state and any place outside that state.
- A person or enterprise is considered to have been "engaged in the production of goods" if the person or enterprise produced, manufactured, mined, handled, transported, or in any other manner worked on such goods or worked in any closely related process or occupation directly essential to the production of the goods.
- Plaintiff has the burden of proof on each of these elements.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Clingman v. Drive Coffee*
Case No. 1:20-cv-01485-RBJ

Proposed Jury Instructions
Page 16

**In regard to #2,**

The FLSA defines an "employee " as "any individual employed by an employer." 29 U.S.C. § 203(e). The word "employ" "includes to suffer or permit to work." 29 U.S.C. § 203(g). [*See Instruction No. ____, immediately below*]

**In regard to #3,**

- Each workweek stands alone. To satisfy minimum wage requirements, wages must be paid on a consistent basis such as on a weekly or biweekly basis.
- "Overtime pay" means an amount of at least one and one half times an employee's "regular rate" of pay, as that term is defined by in an Instruction below [Damages] for all hours worked in excess of 40 in a workweek.
- "Workweek" means a regularly recurring period of seven days or 168 hours, as designated by the employer.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

**INSTRUCTION NUMBER TEN**

"**Work**": The law does not define "work" but uses the term in its definition of "employ." In turn, "employ" means "to suffer or permit to work." If the employer knows or has reason to believe that the employee is continuing to work, the time is working time. An employer that has such knowledge cannot passively allow an employee to work without proper compensation, even if the work has not been done at the request of the employer.

"**Hours worked**" means all time spent by an employee that was primarily for the benefit of the employer or the employer's business. Such time constitutes hours worked if the employer knew or should have known that the work was being performed.

The ~~FLSA~~ NYLL [and FLSA] defines an "**employee**" as "any individual employed by an employer."  The word "employ" includes "to suffer or permit to work."

~~The definition "suffer or permit to work" was intended to make the scope of employee coverage under the FLSA law very broad.~~  Courts have interpreted the definition of employee broadly in order to effectuate the broad remedial purposes of the wage laws.  However, although the law's definition of "employee " is quite broad, "it does have its limits."  Thus, although some persons are literally "suffer[ed] or permit[ted] to work," they do not qualify as "employees" for purposes of the New York wage laws.

Because the definition of "employee " under the law is broad, but not precise, courts have developed what is known as the "economic reality" test to determine whether the "employee"/"employer" relationship exists.

Under that test, the focus is "upon the circumstances of the whole activity," with the ultimate criterion being the economic reality of the relationship. Some of the factors that go into evaluating whether the possible "employer" (1) had the authority to hire and fire employees; (2)

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

had the authority to supervise and control work schedules or employment conditions; (3) had the authority to determine the rate and method of payment; and (4) maintained employment records.

The "economic reality" of the relationship is the most important aspect of the inquiry. The focal point is whether the individual is economically dependent on the business to which he renders service or is, as a matter of economic fact, in business for himself. No one of those factors is more important than another and the absence of a single factor—or even a majority of factors—is not determinative of whether joint employment does or does not exist. You must look to the totality of the circumstances to decide whether Plaintiff was an "employee" of Drive Coffee and/or Alex Grappo.

Plaintiff has the burden of proof to show that based on the totality of the factors above, he was an "employee" of Drive Coffee and Alex Grappo.

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Clingman v. Drive Coffee*
Case No. 1:20-cv-01485-RBJ

Proposed Jury Instructions
Page 19

## INSTRUCTION NUMBER ELEVEN

The Plaintiff (Keith Clingman) has also brought claims for breach of contract against the Defendants.

The Defendants contend that the parties discussed the range of terms that would be acceptable to Plaintiff upon Defendants' ability to make a concrete offer. The Defendants contend that no concrete offer was made to Plaintiff and that Plaintiff understood any future employment was based on Drive Coffee's receipt of investor funds in the future. Plaintiff never received a written agreement.

The plaintiff contends that a final agreement was reached.

Therefore, the plaintiff has the burden to prove that the parties intended that his agreement would be completed without the signing of a formal contract document.

A contract is an agreement between two or more persons or entities. A contract consists of an offer and an acceptance of that offer, and must be supported by consideration. If any one of these three elements is missing, there is no contract.

- An "offer" is a proposal to enter into a contract on the terms stated in the offer.

- An "acceptance" is an expression, by words or conduct, by the person to whom the offer was made, of agreement to the same terms stated in the offer.

- "Consideration" is a benefit received or something given up as agreed upon between the parties.

A contract does not have to be in writing. If written, it does not have to be signed by either party or dated. A contract may be partly oral and partly in writing.

A contract may include one or more conditions precedent. A condition precedent is an event that must occur before performance under a contract becomes due.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

Every contract requires the parties to act in good faith and to deal fairly with each other in performing or enforcing the express terms of the contract. A party performs a contract in good faith when his or its actions are consistent with the agreed common purpose and with the reasonable expectations of the parties. The duty of good faith and fair dealing is breached when a party acts contrary to that agreed common purpose and the parties' reasonable expectations.

For the Plaintiff to recover from the Defendant(s) on his claim of breach of contract, you must find all of the following have been proved by a preponderance of the evidence:

1. The Defendant entered into a contract with the Plaintiff for him to work or perform services for Drive Coffee;

2. Any conditions precedent to the contract were satisfied.

3. The Defendant failed to pay the Plaintiff all of the compensation it should have; and

4. The plaintiff "substantially performed" his part of the contract

   - A party "substantially performs" the terms of a contract when the party performs the essential obligations under the contract, and the other party receives substantially what it contracted for. To determine whether the party has (substantially performed) the essential obligations under the contract, you may consider the nature of the promised performance, the purpose of the contract, and whether any defects in performance have defeated the purpose of the contract.

If you find that any one or more of these three statements has not been proved, then your verdict must be for the defendant.

On the other hand, if you find that all of these three statements have been proved, then your verdict must be for the plaintiff).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

Clingman v. Drive Coffee
Case No. 1:20-cv-01485-RBJ

Proposed Jury Instructions
Page 21

As we have noted, a plaintiff can recover the greater of the remedies available to him but may not claim duplicative damages for the same loss.

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

# INSTRUCTION NUMBER TWELVE

The Plaintiff (Keith Clingman) has also brought claims for unjust enrichment against the Defendants.

In some circumstances, equity will permit recovery in the absence of an expressed contract or a contract implied-in-fact. Even when the words and actions of the parties are not enough to establish an intention to agree upon contract terms, a quasi-contract may be imposed by the law for the purpose of bringing about justice without reference to the intentions of the parties.

Quasi-contractual liability rests on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another.

If you find that the parties had a contract, either expressed or implied in fact, then the principle of unjust enrichment does not apply.

But a plaintiff may recover under the principle of unjust enrichment if the plaintiff can prove by a preponderance of the evidence all of the following factors:

1)      That plaintiff conferred a benefit on defendant.

2)      That plaintiff conferred said benefit with a reasonable expectation that defendant would pay for it.

3)      That the benefit was conferred under circumstances that should have put defendant on notice that plaintiff expected to be paid.

4)      That the amount received by plaintiff from defendant was less than the value of the benefit conferred on defendant.

If plaintiff establishes these factors by a preponderance of the evidence, then the plaintiff shall be entitled to recover from defendant the fair value of the benefit conferred upon the defendant.

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Clingman v. Drive Coffee*
Case No. 1:20-cv-01485-RBJ

Proposed Jury Instructions
Page 23

**INSTRUCTION NUMBER THIRTEEN**

If you determine that the Plaintiff is owed wages, you must also determine whether Defendant Alex Grappo is also considered an additional "employer" of the Plaintiff "employer" according to how that word is defined under the ~~FLSA and~~ NYLL. Unlike some other laws you may have heard of that only allow for liability against a company, the wage laws have a wider definition of the concept of "employer."

A determination that Mr Grappo is liable will not increase or decrease the total amount of damages that Plaintiff is awarded. It would make him "jointly and severally" liable.

An employer for the purposes of the ~~FLSA~~ NYLL [or FLSA] is someone who has "personal responsibility for making decisions about the conduct of the business that contributed to the violations." In determining whether Mr. Grappo qualifies as Plaintiff's employer you may, as examples, consider whether they:

      1) Had the power to hire and fire the Plaintiff;

      2) Supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment;

      3) Determined the rate and method of payment; and

      4) Maintained employment records.

or had the authority to do these things but chose to delegate those functions to individuals below him in the hierarchy. If you determine that Mr. Grappo is the Plaintiffs' employer for the purposes of the ~~FLSA and~~ NYLL, then that person will be jointly liable for any damages awarded, along with Drive Coffee.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Clingman v. Drive Coffee*
Case No. 1:20-cv-01485-RBJ

Proposed Jury Instructions
Page 24

**INSTRUCTION NUMBER FOURTEEN**

In considering the issue of the Plaintiffs' damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for the Plaintiff's damages, no more, and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendant. Damages also do not include sums for court costs or attorney fees. Neither can damages be based on speculation or guesswork because only actual damages, what the law calls compensatory damages, can be recovered.

If you find in favor of the Plaintiff, you must award the Plaintiff "damages" using the following guidelines. ("Damages" just means the amount you compute him to be owed.)

In the event that you are convinced by a preponderance of the evidence that the Defendant did not pay the Plaintiff the required wages during the applicable period, then you must determine the amount of money the Plaintiff should receive.

In order to determine the damages, you should first establish these things:

1. What were his dates of employment?
   a. Plaintiff contends that he worked for Defendants from mid-September, 2019 to April 23, 2020, or thereabouts.
   b. Defendant contends he has no dates of employment.

2. What was his rate of pay that he should have been paid?

3. How much should the Plaintiff have received as wages from Defendants overall?
   a. If the rate of pay you determined in step 2 was a salary, you may compute his rate of pay this way:
      i. annual salary, divided by 52 weeks in the year = weekly rate
      ii. weekly rate times quantity of weeks he worked for Defendants that he was not paid for = unpaid wages

4. Minimum Wage:
   a. Did you determine that the Defendants failed to pay the Plaintiff at or above the New York minimum wage rate ($15.00) for at least some workweeks?
      i. If so, how many weeks did Defendants fail to pay Plaintiff at or above the New York minimum wage?

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Clingman v. Drive Coffee*
Case No. 1:20-cv-01485-RBJ

Proposed Jury Instructions
Page 25

> ii. How many hours for each of these weeks should Defendants have paid Plaintiff for?

> ~~b. Did you determine that the Defendants failed to pay the Plaintiff at or above the federal minimum wage rate ($7.25) for at least some workweeks?~~
>   > ~~i. If so, how many weeks did Defendants fail to pay Plaintiff at or above the federal minimum wage?~~
>   > ~~ii. How many hours for each of these weeks should Defendants have paid Plaintiff for?~~

5. Offsets: Are Defendants entitled to any offsets for any payments they made to Plaintiff? If so, how much?

6. Breach of contract: what measure of damages is appropriate for any breaches of contract you found to have occurred?

7. Unjust enrichment: what measure of damages is appropriate for any unjust enrichment you found to have occurred?

It is your duty to determine entitlement to damages and to make the calculations specified in the jury verdict form. The judge will be responsible for determining which categories of damages would be considered "duplicative."

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Clingman v. Drive Coffee*
Case No. 1:20-cv-01485-RBJ

Proposed Jury Instructions
Page 26

**INSTRUCTION NUMBER FIFTEEN**

The Plaintiffs and Defendants have stipulated – that is, they have agreed – that certain facts are not in dispute. You should, therefore, treat those facts as having been proved. In addition, certain facts have been admitted by either the Plaintiffs or the Defendants before trial. Again, you should treat those facts as having been proved.

The stipulated facts are as follows:

1. Defendant Alex Grappo is the founder and CEO of Drive Coffee.

2. At all times relevant to this case, Defendant Grappo has lived in Colorado, and Drive Coffee has been based in Colorado.

3. At all times relevant to this case, Plaintiff Keith Clingman has lived in New York.

4. If the jury finds that the Plaintiff was an "employee," then the New York Labor Law applies to this case.

5. The New York minimum wage rate at all relevant times was $15.00 per hour.

6. Plaintiff Keith Clingman was introduced to Defendant Grappo by email in August, 2019.

7. Prior to Plaintiff meeting the Defendants, he had worked for the company Red Bull, in its marketing department.

8. In September, 2019 Plaintiff Keith Clingman flew to Colorado, where he joined Defendant Grappo and several other individuals for several days. Together they engaged in activities in Aspen and in Denver.

9. Plaintiff was paid a total of $24,950.00 from Drive Coffee and/or Alex Grappo from November 2019 to April 2020. Specifically, the payments were as follows:

    a. $13,300 on 11/27/2019, via wire transfer

    b. $6,650 on 1/13/2020, via PayPal

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Clingman v. Drive Coffee*
Case No. 1:20-cv-01485-RBJ

Proposed Jury Instructions
Page 27

      c.   $5,000 on 4/10/2020:  $3500 by Zelle and $1500 by Venmo

10. Defendants did not provide Plaintiff with pay stubs for the payments they made to him.

11. Defendants did not issue Plaintiff a "wage notice."

12. Plaintiff received a @drivecoffee.com email account on January 3, 2020 and activated it on January 6, 2020.

13. Defendants discontinued Plaintiff's @drivecoffee.com email account in April, 2020.


If the federal minimum wage claims remain part of the case:

14. The federal minimum wage rate at all relevant times was $7.25 per hour.

15. Drive Coffee's gross revenues for 2020 exceeded $500,000.

16. Drive Coffee engaged in interstate commerce.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

# JURY VERDICT FORM

## FLSA & NYLL CLAIMS

**1.  Was Plaintiff an "employee" of Drive Coffee?**

## YES  /  NO

(circle one)

| If Yes | If No |
|---|---|
| Proceed to the next question | Proceed to Question No. __ |

---------------------------------------------------------------------------------

**2.  Did Defendant(s) fail to pay the Plaintiff wages that he had earned?**

## YES  /  NO

(circle one)

| If Yes | If No |
|---|---|
| Proceed to the next question | Proceed to the next question |

---------------------------------------------------------------------------------

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Clingman v. Drive Coffee*
Case No. 1:20-cv-01485-RBJ

Proposed Jury Instructions
Page 29

3. **Did Defendant(s) fail to pay the Plaintiff wages at or above the state minimum wage rate ($15.00 per hour) for all hours he worked during one or more workweeks?**
   *Note: You may indicate "yes" even if you do not think he is owed any damages for this claim.*

# YES / NO
(circle one)

| If Yes | If No |
|---|---|
| Proceed to the next question | Proceed to the next question |

--------------------------------------------------------------------------------

4.**1.** **Did Defendant(s) provide Plaintiff with a "wage notice"?** *[See Instruction No. 5]*

# YES / NO
(circle one)

| If Yes | If No |
|---|---|
| Proceed to the next question | Proceed to the next question |

--------------------------------------------------------------------------------

5.**2.** **Did Defendant(s) provide Plaintiff with pay stubs?** *[See Instruction No. 5]*

# YES / NO
(circle one)

| If Yes | If No |
|---|---|
| Proceed to the next question | Proceed to the next question |

--------------------------------------------------------------------------------

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

**6.3.** **Was Defendant Alex Grappo (the individual person) also the Plaintiff's "employer" according to the definition you've been given?**

# YES / NO

(circle one)

| If Yes | If No |
|---|---|
| Proceed to the next question | Proceed to the next question |

**7.** **~~Was the Plaintiff engaged in commerce or in the production of goods for commerce?~~** *~~[See Instruction No. 9]~~*

# ~~YES / NO~~

~~(circle one)~~

| ~~If Yes~~ | ~~If No~~ |
|---|---|
| ~~Proceed to the next question~~ | ~~Proceed to the next question~~ |

_____

**8.** **~~Was the Plaintiff employed by an enterprise engaged in commerce or the production of goods for commerce that had annual gross sales of at least $500,000?~~** *~~[See Instruction No. 9]~~*

# ~~YES / NO~~

~~(circle one)~~

| ~~If Yes~~ | ~~If No~~ |
|---|---|
| ~~Proceed to the next question~~ | ~~Proceed to the next question~~ |

_____

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

~~9. Did Defendant(s) fail to pay the Plaintiff wages at or above the federal minimum wage rate ($7.25 per hour) for all hours he worked during one or more workweeks?~~
*~~Note: You may indicate "yes" even if you do not think he is owed any damages for this claim.~~*

~~YES / NO~~
~~(circle one)~~

| If Yes | If No |
|---|---|
| ~~Proceed to the next question~~ | ~~Proceed to the next question~~ |

-----------------------------------------------------------------------------------

**BREACH OF CONTRACT CLAIMS**

~~10.~~4.       **Did the parties enter into a contract containing certain terms?**

YES / NO
(circle one)

| If Yes | If No |
|---|---|
| Proceed to the next question | Proceed to Question No. |

-----------------------------------------------------------------------------------

~~11.~~5.       **Did the plaintiff do what the contract required the plaintiff to do?**

YES / NO
(circle one)

| If Yes | If No |
|---|---|
| Proceed to the next question | Proceed to Question No. |

-----------------------------------------------------------------------------------

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

**~~12.~~6.      Did defendant(s) do what the contract required the defendant to do?**

# YES  /  NO

(circle one)

| If Yes | If No |
|---|---|
| Proceed to Question No. | Proceed to the next question |

--------------------------------------------------------------------------------

**UNJUST ENRICHMENT CLAIMS**

**~~13.~~7.      Did Plaintiff confer a benefit on Defendant(s)?**

# YES  /  NO

(circle one)

| If Yes | If No |
|---|---|
| Proceed to the next question | Proceed to the end |

--------------------------------------------------------------------------------

**~~14.~~8.      Did Plaintiff confer said benefit with a reasonable expectation that defendant would pay for it?**

# YES  /  NO

(circle one)

| If Yes | If No |
|---|---|
| Proceed to the next question | Proceed to the end |

--------------------------------------------------------------------------------

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Clingman v. Drive Coffee*
Case No. 1:20-cv-01485-RBJ

Proposed Jury Instructions
Page 33

**15.9.____Was the benefit was conferred under circumstances that should have put defendant on notice that plaintiff expected to be paid?**

# YES / NO

(circle one)

| If Yes | If No |
|---|---|
| Proceed to Question No. | Proceed to the end. |

**16.10.____Was the value of the benefit conferred on defendant greater than the amount defendant paid to plaintiff?**

# YES / NO

(circle one)

| If Yes | If No |
|---|---|
| Proceed to the end. | Proceed to Question __ |

--------------------------------------------------------------------------------

**ANDERSON DODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

# DAMAGES

**NYLL <s>& FLSA</s> WAGE CLAIMS**

<s>17.</s>11.    **Unpaid Wages Calculations:** If you determined that Plaintiff is entitled to receive damages related to his claims for unpaid wages, make the calculations for those damages here:

    **a.** What were his dates of employment? _____ to _____.

       How many weeks is this? _____

    **b.** What was the rate of pay that Plaintiff should have been paid?

       $_____ per _____.

    **c.** How much should the Plaintiff have received as wages from Defendants overall?

       *Note: If the rate of pay you determined in step (b) was a salary, you may compute his rate of pay this way:*

         i.  Weekly rate: annual salary, divided by 52 wks  $_____

         ii.  Quantity of weeks he worked for Defendants  x_____

         iii.  Total Wages Owed  =$_____

**Offsets.** Are Defendants entitled to any offsets for any payments they made to Plaintiff? If so, how much?  -$_____

**Total Unpaid Wages.** What is the total amount of Unpaid Wages?
Total Wages Owed - Offsets =  $_____

       *     *     *     *     *     *     *     *     *

<s>18.</s>12.    **New York Minimum Wage:** Were there any weeks in which you determined:

    a)  the Plaintiff should have been paid, and
    b)  the Defendant failed to pay him at least the New York Minimum Wage ($15.00 per hour)?

    *If so, how many hours per week did Plaintiff work for Defendants for which he was not paid at or above the New York minimum wage?*  *(a)_____ hrs/week*

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*How many weeks did Defendant fail to pay the
Plaintiff at least minimum wage?* (b)_____ weeks

*New York minimum wage* (c) $15.00 per hour

*Total owed for New York minimum wage damages [(a) x (b) x (c)]:* $_____

\*        \*        \*        \*        \*        \*        \*        \*        \*

19. **Federal Minimum Wage:** ~~Were there any weeks in which you determined:~~
    a) ~~the Plaintiff should have been paid, and~~
    b) ~~the Defendant failed to pay him at least the Federal
    Minimum Wage ($7.25 per hour)?~~

    *~~If so, how many hours per week did Plaintiff work for
    Defendants for which he was not paid at or above the
    New York minimum wage?~~* ~~(a)_____ hrs/week~~

    *~~How many weeks did Defendant fail to pay the
    Plaintiff at least minimum wage?~~* ~~(b)_____ weeks~~

    *~~New York minimum wage~~* ~~(c) $7.25 per hour~~

    *~~Total owed for federal minimum wage damages [(a) x (b) x (c)]:~~* ~~$_____~~

\*        \*        \*        \*        \*        \*        \*        \*        \*

~~20.~~13.    **Back Wages Owed.** Take the larger of the amounts
calculated above in Line 16, 17 and 18.

Back Wages Owed $_____

\*        \*        \*        \*        \*        \*        \*        \*        \*

## Breach of Contract Claim

~~21.~~14.    Plaintiff should be awarded breach of contract damages in the amount of
$_____

\*        \*        \*        \*        \*        \*        \*        \*        \*

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.AndersonDodson.com*

## U<small>NJUST</small> E<small>NRICHMENT</small> C<small>LAIMS</small>

Plaintiff should be awarded unjust enrichment damages in the amount of $_____

\*  \*  \*  \*  \*  \*  \*  \*  \*

## **FOREPERSON**

Sign Name:_____

Print Name:_____

Date:_____

**A<small>NDERSON</small>D<small>ODSON</small>, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.AndersonDodson.com*