# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

**Civil Case No. 1:20-cv-01485-RBJ**

KEITH CLINGMAN,

        **Plaintiff,**

**v.**

DRIVE COFFEE, LLC; DRIVE COFFEE, INC and
ALEX GRAPPO, an individual,

        **Defendants.**

---

## JURY INSTRUCTIONS

---

## INSTRUCTION NUMBER 1

**Ladies and gentlemen of the jury:**

Now that you have heard the evidence and will soon hear argument, it becomes my duty to give you the instructions of the court as to the law applicable to this case. It is your duty as jurors to follow the law as I shall state it to you and to apply the law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by the court.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every civil case- for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case, and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.

Counsel may properly refer to the governing rules of law and their closing arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the court and these instructions, you are, of course, to be governed by the final instructions of the court.

Nothing the court says in these instructions is to be taken as an indication that the court has any opinion about the facts that the jury must determine, or what that opinion is. It is not the function of the court to determine those facts, but rather yours, and yours alone.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, bias, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, followed the law as it is now being given to you, and reach a just verdict, regardless of the consequences. That is the oath that you took and the promise you made.

Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded entirely.

The evidence in the case consists of the sworn testimony of the witnesses, regardless of who called them; all exhibits received in evidence, regardless of who produced them; and all facts which may have been admitted, stipulated, or judicially noticed. The statements and arguments of the lawyers are not evidence. The legal rulings of the court are not evidence. The comments and questions of the court are not evidence. Although you are restricted to the evidence, you may draw reasonable inferences from the evidence. Put another way, there are two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, presented by a percipient witness such as the testimony of an eyewitness or ear witness. The other is indirect or circumstantial evidence, that is, the proof of facts from which

the existence or nonexistence of certain other facts may reasonably be inferred. As a general rule, the law makes no distinction between direct and circumstantial evidence but requires that the jury find the facts in accordance with the evidence in the case, both direct and circumstantial.

However, when the attorneys on both sides have stipulated or agreed as to the existence of a fact, the jury must accept the stipulation and regard that fact as proved.

If any reference by the court or by counsel to matters of evidence - whether testimony or exhibits - does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the court or of counsel. You are the sole judges of the evidence-testimony and exhibits- received in this case.

The mere number of witnesses appearing for or against a particular fact, issue, or proposition does not in and of itself prove or disprove that fact, issue, or proposition. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be disregarded entirely.

Any finding of fact you make must be based on probabilities, not possibilities. A finding of fact may not be based on surmise, speculation, or conjecture.

Any verdict of the jury must represent they considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Any verdict must be unanimous.

As jurors, it is your duty to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re examine your

own views, and change your opinion, if convinced it is erroneous. However, do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges- judges of the facts. Your sole interest is to seek the truth from the evidence in the case and return just verdicts based on the evidence in the case and the law as the court has presented it to you.

## INSTRUCTION NUMBER 2

The plaintiff has the burden of proving his claims by a preponderance of the evidence. In this civil action, the burden is on the plaintiff to prove every essential element of each claim by a preponderance of the evidence. If the proof should fail to establish any essential element of a claim by preponderance of the evidence, the jury should find for the defendants as to that claim.

To "establish by the preponderance of the evidence" means to prove that something is more likely to be true than it is to not be true. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

It is often said that the evidence is to be weighed on scales, and when the Plaintiff bears the burden of proof, if you find that the evidence on any issue of fact weighs equally in the favor of Plaintiff and Defendants, that is, that the scales are evenly balanced, then Plaintiff would have failed in his burden of proving the case as to that item. However, if the scales tilt, in favor of the Plaintiff, even a slight amount, that would constitute a preponderance of the evidence and would satisfy the legal burden of proof imposed upon the Plaintiff. Similarly, where the Defendant bears the burden of proof on affirmative defenses, if the scales tilt in favor of the Defendant, that would constitute a preponderance of the evidence and would satisfy the legal burden of proof imposed upon the Defendant for that affirmative defense.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof for a criminal trial. However, a plaintiff in a civil case does not have to satisfy that requirement, and therefore you should put it out of your mind. The preponderance of the evidence does not require so much proof as to produce absolute certainty or proof beyond a

reasonable doubt. It is merely the slightest tipping of the scales which determines preponderance of the evidence.

In determining whether any fact has been proved by preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them, and any fact that has been admitted, stipulated, or judicially noticed.

**INSTRUCTION NUMBER 3**

It is the sworn duty of the attorney on each side of a case to object when the other side presents testimony or exhibits which the attorney believes are not properly admissible. Only by raising an objection can a lawyer obtain a ruling from the court as to the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his client because the attorney has made objections. Also, do not interpret any rulings I may make on objections as somehow indicating to you who I believe should win or lose the case.

## INSTRUCTION NUMBER 4

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witnesses, by the manner in which each witness testifies, by the character of the testimony given, and by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witnesses intelligence, motive, and state of mind and demeanor or manner while on the stand. Consider that witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently, and innocent mis-recollection, like failure of recollection, as not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you think it deserves.

## INSTRUCTION NUMBER 5

The Plaintiff and Defendants have stipulated – that is, they have agreed – that certain facts are not in dispute. You should, therefore, treat those facts as having been proved. In addition, certain facts have been admitted by either the Plaintiffs or the Defendants before trial. Again, you should treat those facts as having been proved.

The stipulated facts are as follows:

1. Defendant Alex Grappo is the founder and CEO of Drive Coffee.

2. At all times relevant to this case, Defendant Grappo has lived in Colorado, and Drive Coffee has been based in Colorado.

3. At all times relevant to this case, Plaintiff Keith Clingman has lived in New York.

4. If the jury finds that the Plaintiff was an "employee," then the New York Labor Law applies to this case.

5. The New York minimum wage rate at all relevant times was $15.00 per hour.

6. Plaintiff Keith Clingman was introduced to Defendant Grappo by email in August, 2019.

7. Prior to Plaintiff meeting the Defendants, he had worked for the company Red Bull, in its marketing department.

8. In September, 2019 Plaintiff Keith Clingman flew to Colorado, where he joined Defendant Grappo and several other individuals for several days. Together they engaged in activities in Aspen and in Denver.

9. Plaintiff was paid a total of $24,950.00 from Drive Coffee and/or Alex Grappo from November 2019 to April 2020. Specifically, the payments were as follows:

    a. $13,300 on 11/27/2019, via wire transfer

    b. $6,650 on 1/13/2020, via PayPal

    c. $5,000 on 4/10/2020: $3500 by Zelle and $1500 by Venmo

10. Defendants did not provide Plaintiff with pay stubs for the payments they made to him.

11. Defendants did not issue Plaintiff a "wage notice."

12. Plaintiff did not declare the amount he received in November 2019 ($13,300) as income of any kind on his 2019 federal and state tax returns.

13. Plaintiff received a @drivecoffee.com email account on January 3, 2020 and activated it on January 6, 2020.

14. Defendants discontinued Plaintiff's @drivecoffee.com email account in April, 2020.

## INSTRUCTION NUMBER 6

In this case, the Plaintiff (Keith Clingman) has brought claims for unpaid wages under four different legal frameworks: (1) the New York Labor Law ("NYLL"), regarding Unpaid Wages, (2) the NYLL regarding Failure to Pay Minimum Wage during some pay periods (3) breach of contract, and (4) unjust enrichment. Each of these will be described more in depth in subsequent instructions. Following is a brief overview of these.

**NYLL.** The NYLL is the state law that governs payment of wages for employees working in New York. Plaintiff's claims under the NYLL fall under two different aspects of that law. First, Plaintiff claims that Defendants violated the provisions of the NYLL regarding unpaid wages, The Defendants claim that the NYLL does not apply to Plaintiff because they claim he was not an "employee." However, as stated in Instruction 5 the parties have stipulated that if the jury finds that the Plaintiff was an "employee," then the New York Labor Law applies to this case.

The NYLL treats wages different from other kinds of debts or liabilities that a company or person might owe. If the elements are met and Plaintiff can show that he is entitled to unpaid wages, the law says that he is to recover the unpaid wages themselves, an additional amount equal to the unpaid wages called "liquidated damages," reasonable attorneys' fees, and court costs. "Liquidated damages" are not punitive damages; they are considered compensatory damages, meaning they are designed to make the plaintiff "whole" in regard to not having been paid the wages he should have been at the time they were earned.

Plaintiff has made claims under two distinct provisions of the NYLL. He is claiming Unpaid Wages, which means that he is asking to be paid the wages he earned. He is also making

a claim under the Minimum Wage provision, for any pay period in which he was paid less than minimum wage. He can recover for the greater of the two, but not both.

**Breach of Contract.** As another way of looking at the allegations of nonpayment legally, Plaintiff also claims that he worked for Defendants and did not get paid what he and Defendants had agreed in an oral contract. A contract can exist whether or not the plaintiff was an "employee" under the NYLL's definitions. Also, sometimes certain aspects of a worker's pay might not fall under the NYLL's definition of "wages" and therefore outside its protections, but the worker could still make a recovery for those amounts under a breach of contract theory. If a breach of contract is found to have occurred, the Plaintiff would be entitled to receive the amount he should have under the contract, but nothing more.

**Unjust Enrichment.** Finally, in case for legal reasons it is determined that a contract was not formed, as a different way of looking at the situation legally, Plaintiff contends that the Defendants were "unjustly enriched," meaning that they got a benefit that they did not adequately compensate him for. A plaintiff cannot prevail on claims for both breach of contract and unjust enrichment. He can only prevail on a claim for unjust enrichment if the jury determines that there was no contract. The damages for unjust enrichment are the value of the benefit conferred upon the party that was unjustly enriched, less any compensation paid.

**Overlap.** Under the law, an employee is entitled to the greater of two legal protections but not both. For example, if an employee shows by a preponderance of the evidence that he was entitled to receive a rate of pay greater than the minimum wage, he may be awarded that rate of pay for his work, but not also a separate award for minimum wage. Your job will not be to determine where the overlap is. Your job will be to decide whether the Plaintiff is eligible for

damages under each of the legal theories he has raised; the judge will decide as a matter of law where there is duplication or not.

## INSTRUCTION NUMBER 7

The reason why the parties have stipulated that the New York Labor Law rather than Colorado state wage law applies is that the Plaintiff lived and worked in New York. Colorado is where the Defendants (the company Drive Coffee and its founder, Alex Grappo) are based, which is why the case was brought here.

The Defendants deny that Plaintiff was an employee of Drive Coffee and deny they owe the Plaintiff any wages or money at all. The Defendants contend that they have paid Plaintiff in full for any services he provided to them.

In order for Plaintiff to have any remedy under the NYLL, he must be able to prove by a preponderance of the evidence that he was an employee of Drive Coffee, as described and defined in these instructions. If an individual is not an "employee" of a company, that company is not required to conform to state minimum wage laws in regard to that person.

Using the facts that you find from a preponderance of the evidence and the instructions of the court, these are the matters for you to decide.

# INSTRUCTION NUMBER 8

The New York Labor Law requires employers to pay all wages earned by employees. If an employee is supposed to receive pay in excess of the minimum wage rate, he or she can recover the full amount of the owed wages, not just minimum wage, under New York Labor Law.

To succeed on his New York Labor Law claim for Unpaid Wages, Mr. Clingman must prove the following elements by a preponderance of the evidence:

1. Plaintiff was an "employee" of the Defendants during at least some portion of the period at issue, i.e. from September 2019 to April 2020; and

2. Defendants failed to pay the Plaintiff the wages that he had earned.

If you find that the Plaintiff has failed to prove #1, or #2, by a preponderance of the evidence, then you must find against him on his claim and in favor of the Defendants.

If, on the other hand, you find that the Plaintiff has proven #1, and #2 by a preponderance of the evidence, then you must find in his favor and against the Defendants.

## INSTRUCTION NUMBER 9

The New York Labor Law requires employers to pay at or above the applicable minimum wage rate for all hours worked (even if the person is not paid on an hourly basis). The minimum wage rate applicable to this case is $15.00 per hour.

If an employee is not paid at all for a certain period of time, that is a violation of the minimum wage laws. Each workweek stands alone.

To succeed on his New York Labor Law claim for Minimum Wage Violations, Mr. Clingman must prove the following elements by a preponderance of the evidence:

1. Plaintiff was an "employee" of the Defendants during at least some portion of the period at issue, i.e. from September 2019 to April 2020; and

2. Defendants failed to pay the Plaintiff wages at or above the state minimum wage rate ($15.00 per hour) for all hours he worked during one or more workweeks.

If you find that the Plaintiff has failed to prove #1, or #2, by a preponderance of the evidence, then you must find against him on his claim and in favor of the Defendants.

If, on the other hand, you find that the Plaintiff has proven #1, and #2 by a preponderance of the evidence, then you must find in his favor and against the Defendants.

## INSTRUCTION NUMBER 10 __

**"Employee"** is defined under the NYLL in two ways: ""Employee" means any person employed for hire by an employer in any employment" and "'Employee' includes any individual employed or permitted to work by an employer in any occupation." The regulations interpreting the NYLL define it like this: "Employee means any individual employed, suffered or permitted to work by an employer." An "employer" is defined as "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

**"Hours worked"** means all time spent by an employee that was primarily for the benefit of the employer or the employer's business. Such time constitutes hours worked if the employer knew or should have known that the work was being performed.

**"Work":** The law does not define "work" but uses the term in its definition of "employ." In turn, "employ" means "to suffer or permit to work." If the employer knows or has reason to believe that the employee is continuing to work, the time is working time. An employer that has such knowledge cannot passively allow an employee to work without proper compensation, even if the work has not been done at the request of the employer.

The definition "suffer or permit to work" was intended to make the scope of employee coverage under the law very broad. Courts have interpreted the definition of employee broadly in order to effectuate the broad remedial purposes of the wage laws. However, although the law's definition of "employee " is quite broad, "it does have its limits." Thus, although some persons are literally "suffer[ed] or permit[ted] to work," they do not qualify as "employees" for purposes of the New York wage laws.

Because the definition of "employee " under the law is broad, but not precise, courts have developed what is known as the "economic reality" test to determine whether the

"employee"/"employer" relationship exists. The factors of this test to be considered include: (1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business. No factor is dispositive: Rather, the test is based on a "totality of the circumstances" analysis, with the ultimate question being whether the workers depend upon someone else's business for the opportunity to render service or are in business for themselves.

The "economic reality" of the relationship is the most important aspect of the inquiry. The focal point is whether the individual is economically dependent on the business to which he renders service or is, as a matter of economic fact, in business for himself. No one of those factors is more important than another and the absence of a single factor—or even a majority of factors—is not determinative of whether joint employment does or does not exist. You must look to the totality of the circumstances to decide whether Plaintiff was an "employee" of Drive Coffee and/or Alex Grappo.

Plaintiff has the burden of proof to show that based on the totality of the factors above, he was an "employee" of Drive Coffee and Alex Grappo.

## INSTRUCTION NUMBER 11

New York Labor Law requires employers to maintain accurate and detailed records of their employees' hours and wages, including their total hours worked, the total wages paid to employees, overtime hours, hourly rates of pay and overtime rates of pay. An employee does not have a right to sue simply based on the lack of records, but an employer's lack of records can simply determine how the employee's work time is calculated.

An employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of "just and reasonable inference." The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

If the employer's records are inaccurate or inadequate, an employee needs to show that he has in fact performed work for which he was not properly compensated. He may do so through testimony based on his memory and recollection alone and may provide estimates of his hours of work. Based on that evidence, you may then reasonably infer violations of the law and the amount of damages. Where the employer has not maintained adequate records, the employer bears the burden of proof to show that the Plaintiff's evidence is unreasonable. If they cannot do so, then the Plaintiff's evidence stands.

## INSTRUCTION NUMBER 12

If you determine that the Plaintiff is owed wages, you must also determine whether Defendant Alex Grappo is also considered an additional "employer" of the Plaintiff "employer" according to how that word is defined under the NYLL. Unlike some other laws you may have heard of that only allow for liability against a company, the wage laws have a wider definition of the concept of "employer."

A determination that Mr. Grappo is liable will not increase or decrease the total amount of damages that Plaintiff is awarded. It would make him "jointly and severally" liable.

An employer for the purposes of the NYLL is someone who has "personal responsibility for making decisions about the conduct of the business that contributed to the violations." In determining whether Mr. Grappo qualifies as Plaintiff's employer you may, as examples, consider whether he:

> 1) Had the power to hire and fire the Plaintiff;
>
> 2) Supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment;
>
> 3) Determined the rate and method of payment; and
>
> 4) Maintained employment records.

or had the authority to do these things but chose to delegate those functions to individuals below him in the hierarchy. If you determine that Mr. Grappo is the Plaintiffs' employer for the purposes of the NYLL, then that person will be jointly liable for any damages awarded, along with Drive Coffee.

## INSTRUCTION NUMBER 13 __

As mentioned, the Plaintiff (Keith Clingman) has also brought claims for breach of contract against the Defendants.

The Defendants contend that the parties discussed the range of terms that would be acceptable to Plaintiff upon Defendants' ability to make a concrete offer. The Defendants contend that no concrete offer was made to Plaintiff and that Plaintiff understood any future employment was based on Drive Coffee's receipt of investor funds in the future. Plaintiff never received a written agreement.

The plaintiff contends that a final agreement was reached.

Therefore, the plaintiff has the burden to prove that the parties intended that his agreement would be completed without the signing of a formal contract document.

A contract is an agreement between two or more persons or entities. A contract consists of an offer and an acceptance of that offer, and must be supported by consideration. If any one of these three elements is missing, there is no contract.

- An "offer" is a proposal to enter into a contract on the terms stated in the offer.

- An "acceptance" is an expression, by words or conduct, by the person to whom the offer was made, of agreement to the same terms stated in the offer.

- "Consideration" is a benefit received or something given up as agreed upon between the parties.

A contract does not have to be in writing. If written, it does not have to be signed by either party or dated. A contract may be partly oral and partly in writing.

Every contract requires the parties to act in good faith and to deal fairly with each other in performing or enforcing the express terms of the contract. A party performs a contract in good

faith when his or its actions are consistent with the agreed common purpose and with the reasonable expectations of the parties. The duty of good faith and fair dealing is breached when a party acts contrary to that agreed common purpose and the parties' reasonable expectations.

For the Plaintiff to recover from the Defendant(s) on his claim of breach of contract, you must find all of the following have been proved by a preponderance of the evidence:

1. The Defendant entered into a contract with the Plaintiff for him to work or perform services for Drive Coffee;

2. The Defendant failed to pay the Plaintiff all of the compensation it should have; and

3. The plaintiff "substantially performed" his part of the contract

> *A party "substantially performs" the terms of a contract when the party performs the essential obligations under the contract, and the other party receives substantially what it contracted for. To determine whether the party has (substantially performed) the essential obligations under the contract, you may consider the nature of the promised performance, the purpose of the contract, and whether any defects in performance have defeated the purpose of the contract.*

If you find that any one or more of these three statements has not been proved, then your verdict must be for the defendant.

On the other hand, if you find that all of these three statements have been proved, then your verdict must be for the plaintiff).

As we have noted, a plaintiff can recover the greater of the remedies available to him but may not claim duplicative damages for the same loss.

**INSTRUCTION NUMBER 14 __**

The Plaintiff (Keith Clingman) has also brought claims for unjust enrichment against the Defendants.

In some circumstances, equity will permit recovery in the absence of an expressed contract or a contract implied-in-fact. Even when the words and actions of the parties are not enough to establish an intention to agree upon contract terms, a quasi-contract may be imposed by the law for the purpose of bringing about justice without reference to the intentions of the parties.

Quasi-contractual liability rests on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another.

If you find that the parties had a contract, either expressed or implied in fact, then the principle of unjust enrichment does not apply. But a plaintiff may recover under the principle of unjust enrichment if the plaintiff can prove by a preponderance of the evidence all of the following factors:

1)      That plaintiff conferred a benefit on defendant.

2)      That plaintiff conferred said benefit with a reasonable expectation that defendant would pay for it.

3)      That the benefit was conferred under circumstances that should have put defendant on notice that plaintiff expected to be paid.

4)       That the amount received by plaintiff from defendant was less than the value of the benefit conferred on defendant.

If plaintiff establishes these factors by a preponderance of the evidence, then the plaintiff shall be entitled to recover from defendant the fair value of the benefit conferred upon the defendant.

## INSTRUCTION NUMBER 15

In considering the issue of the Plaintiffs' damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for the Plaintiff's damages, no more, and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendant. Damages also do not include sums for court costs or attorney fees. Neither can damages be based on speculation or guesswork because only actual damages, what the law calls compensatory damages, can be recovered.

If you find in favor of the Plaintiff, you must award the Plaintiff "damages" using the following guidelines. ("Damages" just means the amount you compute him to be owed.)

### NYLL Unpaid Wages Damages

In the event that you are convinced by a preponderance of the evidence that the Defendant did not pay the Plaintiff his earned wages during the applicable period, then you must determine the amount of money the Plaintiff should receive.

In order to determine the damages, you should first establish these things:

1.  What were his dates of employment?

2.  What was his rate of pay that he should have been paid?

3.  How much should the Plaintiff have received as wages from Defendants overall?

4.  You should also add any unreimbursed expenses you find that the Defendants should have paid.

5.  Offsets: Are Defendants entitled to any offsets for any payments they made to Plaintiff? If so, how much?

**NYLL Minimum Wage Damages**

In the event that you are convinced by a preponderance of the evidence that the Defendant did not pay the Plaintiff at or above the New York minimum wage rate ($15.00) for at least some workweeks, then you must determine the amount of money the Plaintiff should receive.

In order to determine the damages, you should first establish these things:

1. If so, how many weeks did Defendants fail to pay Plaintiff at or above the New York minimum wage?

2. For how many hours for each of these weeks should Defendants have paid Plaintiff?

**Breach of Contract Damages:**

In the event that you are convinced by a preponderance of the evidence that the Defendant is in breach of contract, and did not pay the amount agreed, then you must determine the amount of money the Plaintiff should receive.

In order to determine the damages, you should first establish these things:

1. How much should Defendant have paid under the full contract?

2. What did Defendant pay to Plaintiff regarding the contract?

**Unjust Enrichment Damages**

In the event that you are convinced by a preponderance of the evidence that the Defendant is not in breach of contract, but that Plaintiff provided services of value to the Defendant, then you must determine the amount of money the Plaintiff should receive

In order to determine the damages, you should first establish these things:

1. What value did Plaintiff provide to Defendant?

2. What did Defendant pay to Plaintiff?