IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01485-RBJ

KEITH CLINGMAN,

    Plaintiff,

v.

DRIVE COFFEE, LLC, DRIVE COFFEE, INC. and ALEX GRAPPO,

    Defendant(s).

**Defendants' Objection to Plaintiff's Bill of Costs**

To the Clerk of the Court, Plaintiff Keith Clingman and his Counsel of Record:

    Defendants Drive Coffee, Inc., and Alex Grappo (together, the "Drive Parties") hereby submit their objections to certain of the items claimed by Plaintiff Keith Clingman ("Plaintiff") in his Bill of Costs filed on December 6, 2021.

    1.    In the final judgment entered in the above-captioned case, Plaintiff was identified as the "prevailing party." Accordingly, the Drive Parties acknowledge Plaintiff's right to the Clerk's determination of costs pursuant to F.R.C.P. 54(d) and Local Civil Rule 54.1. Nonetheless, the Drive Parties make this objection to Plaintiff's filed Bill of Costs without waiving their right to appeal the award of any costs ultimately awarded to Plaintiff, and seek an award of their own costs, on the basis that the Drive Parties actually prevailed on three of the four claims brought by Plaintiff, and due to improper, unprofessional and unethical conduct by Plaintiff's attorney during the trial.

    2.    The Drive Parties make the following objections to specific line items of Plaintiff's Bill of Costs:

    a.    **Fees for Service of Summons and Complaint:** Plaintiff does not provide any support for the Roland Process Server charge of $65.

    b.    **"Other Costs" in the amount of $58.85:** Plaintiff lists in this category "Background Research Costs" and two "FedEx to 3rd Party" charges. Neither of these types of expenses is allowed to be recovered as a cost. The Hearing Officer's Guide specifically states that investigation charges and postage/mailing expenses will be denied.

> **As to the two categories above, Plaintiff's counsel acknowledged by email dated December 15, 2021, that the Process server charge should have been $40 and agreed to deduct that amount and the $58.85 (for a total reduction for these items of $83.85) of "Other Costs."**

1

      c.    **Trial Exhibits:** Plaintiff requests $1,057.44 for preparation of Trial Exhibits.

        i.  **Plaintiff Requests Reimbursement for Many More Sets of Trial Exhibits than Required by Judge Jackson's Practice Standards.** The Hearing Officer's Guide states that costs for trial exhibits is only allowed based on the Judicial Practice Standards of the Court. Judge Jackson's Practice Standards specifically instruct attorneys that "You should have a notebook with hard copies of documentary exhibits for the witness stand and one for the Court." Plaintiff prepared at least 6 (perhaps more) binders of trial exhibits. The Drive Parties should not be required to pay Plaintiff's costs for these additional binders of trial exhibits that were unnecessary given the extensive technology available to all parties and jurors during the trial. Indeed, during the trial itself, Plaintiff's counsel had laptop computers on the counsel table and used an iPad at the podium.

        ii.  **Plaintiff's Exhibits Were Contrary to Judge Jackson's Practice Standards.** Judge Jackson's Practice Standards state that there is "no reason to place a voluminous document in evidence when only a few pages or just a paragraph is all you wish to use." Further, Judge Jackson admonished both sides in our final pre-trial conference and again during trial that he would not allow the admission of voluminous exhibits for the jury to consider when only a few pages would suffice. In particular, Plaintiff's Exhibit 38 is 62 pages long, Exhibit 39 is 150 pages long, and Exhibit 46 is 36 pages. Those Exhibits, if used at all, were used for a few pinpointed references and the volume of the exhibits (particularly when multiplied by the superfluous binders) are unnecessary and are not costs that should be borne by the Drive Parties.

3. Based on the foregoing, the Drive Parties request that any costs awarded to Plaintiff be reduced by $83.85 and $1,057.44 for the items that are not allowed

Dated this 20th day of December, 2021.    Respectfully submitted,

          /s/ *Lisa N. Nobles*
          Sussex Law, LLC
          1129 E. 17th Ave.
          Denver, CO 80218
          Tel. (720) 223-6525;
          lnobles@sussexlawfirm.com

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December, 2021 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

penn@andersondodson.com
Christopher@andersondodson.com


*s/     Lisa N. Nobles*