IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:20-cv-01485-RBJ

KEITH CLINGMAN,

      Plaintiff,

v.

DRIVE COFFEE, LLC; DRIVE COFFEE, INC and
ALEX GRAPPO, an individual,

      Defendants.

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' APPEAL OF CLERK'S TAXATION OF COSTS**

For the reasons set forth below, Plaintiff opposes Defendants' Appeal of Clerk's Taxation of Costs [Dkt 76].

**I.   INTRODUCTION**

Following a jury verdict in favor of the Plaintiff, the Court issued a Judgment indicating in relevant part as follows: "The Court further finds that the plaintiff is the 'prevailing party,' and as such, the plaintiff is awarded costs, to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1." Dkt. 71. The Plaintiff timely filed his bill of costs. Dkt. 72. Defendants objected. Dkt. 74. The parties were unable to resolve their differences and attended court to meet with the clerk, who taxed costs for the grand sum of $3,584.89, representing a $50 reduction from the amount requested. Dkt 75. Now, rather than letting sleeping dogs lie or bygones being bygones, Defendants have objected yet again, framing their objection as an appeal to the costs awarded. Dkt. 76.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

## II. ARGUMENT

### A. Defendants' Argument is Procedurally Improper

As an initial matter, from a procedural standpoint, the Defendants have raised their objection in the form of an appeal to the clerk's taxation of costs, when in actuality they have raised no objections to the substance of the clerk's award. Rather, they are objecting to an aspect of the Court's Judgment. It would seem that the proper procedural way to go about this would have been to appeal the Judgment to the Tenth Circuit. They did not do so, and the time for doing so has now elapsed. Thus, as a matter of procedure, their objection should be deemed moot.

### B. The Court has Already Exercised its Discretion on this Point

As Defendants have noted, the award of costs is discretionary. In regard to the diversity aspect, 28 U.S. Code § 1332(b) says, in relevant part, that "where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $75,000… the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff." The Court was aware of this provision when announcing the above language contained in the Judgment. In fact, the Court made mention of it, during either a telephone conference shortly in advance of the trial or during trial. The "may" language underscores that it is in the Court's discretion to award costs in circumstances like these… or not. In this case, the Court opted to do so, and there are no sound reasons to revisit this decision.

### C. Quantity of Claims Raised is Not Relevant to the "Prevailing Party" Analysis

Plaintiff raised several theories of relief that essentially all pertained to the same facts and circumstances. He prevailed on one of them. In fact, because they were *alternative* theories of relief, he could not have prevailed under all of them, and had no expectations to the contrary. For example, if he had prevailed on his breach of contract claim, that would have precluded recovery under his unjust enrichment theory, as a matter of law. If he had prevailed on his NYLL claim for

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Clingman v Drive Coffee*
Case No. 1:20-cv-01485-RBJ (D. Colo.)

P's Response in Opposition
Page 2

underpaid wages, he could not have recovered the same amounts under a breach of contract theory. Even the jury verdict form reflected that Plaintiff was not claiming he could have recovered under all of the theories he interposed. This does not mean that Defendants won on 75% of the case and Plaintiff 25%.

All of the costs incurred (consisting primarily of trial copying costs, depositions, and filing fees) were reasonably related to the prosecution of the case as a whole. This was not a situation of, for example, there being claims for wages, and retaliation, and discrimination, which would have disparate (albeit possibly related) factual underpinnings. Here the costs at issue would have been the same whether he had only brought the breach of contract/unjust enrichment claims or the multiple theories of relief that he did.

In addition, it is simply not worth the court's (or even the cost clerk's) time to parse out which lines of a deposition transcript or which pages of a copied trial exhibit may have pertained to one aspect of these highly interrelated claims as opposed to another.

### D.  The Court Addressed the Exhibits in Question at Trial

There was no bad faith present in this case. As trial proceeded the Plaintiff himself recalled the existence of things that unfortunately had not been produced during discovery. He provided them to counsel, and counsel offered them in trial. Defense counsel objected. The Court overruled the objections and permitted the exhibits to be presented. During recess, counsel discussed this issue with the Court. Plaintiffs' counsel acknowledged that they had in fact not been produced during discovery. The Court asked defense counsel what she wanted to do about it, and suggested that the exhibits be stricken, along with a caution to the jury to disregard them entirely. Defense counsel agreed to that being a fitting remedy, and it was made so.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Clingman v Drive Coffee*
Case No. 1:20-cv-01485-RBJ (D. Colo.)

P's Response in Opposition
Page 3

In addition, Defendants attempt to disparage Plaintiff's (counsel's) choice to bring the case in federal court by focusing solely on the FLSA claim that was raised and neglecting the fact that diversity was also at issue. There is no question but that the Defendants were residents of Colorado and the Plaintiff or New York. And while the end result did shake out otherwise in the end, the "*amount in controversy*" certainly exceeded $75,000. The facts presented at trial were such that the result could have been a great deal more than it was, or less. It was a close call. Contrary to Defendants' bold assertion that "it was clear to all involved that they did not belong in federal court," this case involving New York state law claims and allegations easily exceeding the diversity threshold was better suited to adjudication in federal courts than state.

In addition, contrary to the hyperbolic assertions, there was no intentional "trial by ambush" here. Plaintiffs' counsel *wishes* they had had the exhibits in question earlier. It would have been far preferable to have had these in advance of their motions for summary judgment. However, this is just simply not the kind of "Matlock moment" evidence that wows the jury and ambushes the other side that defense counsel tries to characterize it.

There is also no indication that the jury disregarded the Court's instruction not to heed the evidence in question. To the contrary, if the jury had heeded the evidence they may have been more inclined to have deemed the Plaintiff an "employee," which they did not do.

In addition, as indicated at the costs hearing, none of the copy costs claimed related to these exhibits.

The Court already addressed the issue, and it should not serve as the basis to deny the Plaintiff his costs.

### III. CONCLUSION

Wherefore, Plaintiff respectfully requests that the Court deny Defendants' appeal.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Clingman v Drive Coffee*
Case No. 1:20-cv-01485-RBJ (D. Colo.)

P's Response in Opposition
Page 4

Respectfully submitted, this **2nd** day of **January**, **2022**.

ANDERSONDODSON, P.C.

*/s/ Penn Dodson*
**Penn A. Dodson, Esq.**
CO Bar No. 54677
*penn@andersondodson.com*
Attorney for Plaintiff

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Clingman v Drive Coffee*
Case No. 1:20-cv-01485-RBJ (D. Colo.)

P's Response in Opposition
Page 5