IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01485-RBJ

KEITH CLINGMAN,

    Plaintiff,

v.

DRIVE COFFEE, LLC, DRIVE COFFEE, INC. and ALEX GRAPPO,

    Defendant(s).

**DEFENDANTS' REPLY IN SUPPORT OF APPEAL OF CLERK'S TAXATION OF COSTS**

Defendants Drive Coffee, Inc., and Alex Grappo (together, the "Drive Parties") hereby reply in support of their appeal of the taxation of costs in favor of Plaintiff Keith Clingman ("Plaintiff") on the basis that Plaintiff (a) was only the "prevailing party" on one of his four claims, (b) was not the prevailing party on his single claim stating a federal question and did not satisfy the diversity jurisdiction minimum damages threshold on the remaining state law claims, and (c) Plaintiff and his attorney did not act in good faith during the litigation and trial of this matter.

## I.    The Drive Parties' Appeal is Timely

In his Response to the Drive Parties' Appeal of the Taxation of Costs, Plaintiff argues that the Appeal is "untimely." Plaintiff cites no procedural rule, case citation, or any other authority to support its argument. However, the "Taxation of Costs Guide" (the "Guide") published by the Clerk of the District of Colorado discusses the two levels of costs review that occur in the District of Colorado. As to determination of the prevailing party and challenges to any determination, the Guide explicitly states:

> **For the purposes of the costs hearing, the clerk will make a decision as to which party is the prevailing party based on what is most readily apparent from the final judgment, record and argument of the parties. The presiding judicial officer, however, retains the final discretion after its own review if the parties**

> **bring the issue before the court after the clerk's hearing and decision.**

The Guide, p. 19 (emphasis in original). There is no requirement that a party appeal the final judgment to the Court to seek an apportionment of the "prevailing party" designation prior to bill of costs procedure under Rule 54(d) and L.Colo.R. 54.1. In fact, the Guide states that in the event parties disagree about the identity of the prevailing party or an award of costs, "Counsel are not required to file a motion for clarification with the court seeking amendment to the judgment to specify a cost award, since the clerk will proceed with the bill of costs hearing despite the absence of an award of costs in the final judgment." Furthermore, the Guide cites to *Procedure for the Taxation of Costs by the Clerk and Judicial Review Thereof*, 10 Fed Prac & Proc.Civ. §2679, in support for its statement that a cost hearing will not be delayed by an appeal of the merits of the judgment or a post-judgment motion. Guide, p. 12. Thus, had the Drive Parties taken the path suggested by Plaintiff and filed a motion to amend the final judgment, the Cost Hearing would have proceeded regardless. Plaintiff's claim that the Drive Parties' Appeal is not timely is simply wrong.

**II.     The Drive Parties' Should Not Be Required to Pay Plaintiff's Costs**

Plaintiff's Response is dripping with sarcasm, but does not substantively address the Drive Parties' valid issues: (a) that Plaintiff brought and maintained an action under FLSA for which it knew (or should have known) was not appropriate for the facts of this case, (b) that absent FLSA, the case would not have been in federal court, (c) that Plaintiff had no reasonable response to the Court when questioned throughout the case as to the appropriateness of the FLSA claim, (d) that Plaintiff lost on the substance of the FLSA claim at summary judgment, (e) Plaintiff proceeded to prevail on only one claim, and (f) Plaintiff engaged in bad faith litigation tactics during the course of this litigation (particularly during trial).

2

Plaintiff claims that the Court has already "exercised its discretion" in designating Plaintiff the prevailing party. This is the timeliness argument dressed differently. The Court is entitled to review each of the factors listed above (and any others it considers to be relevant), in reviewing the Taxation of Costs. Plaintiff appears to argue that the Court's discretion in reviewing the Taxation of Costs is limited to a review of the exhibits or the amounts claimed for copies or some other category. Yet, the Court is entitled to balance factors, claims and awarded damages. *Roberts v. Madigan*, 921 F.2d 1057, 1058 (10th Cir. 1990).

Plaintiff in particular does not provide any authority in response to the Section 1332(b) analysis as discussed in *Perlman v. Zell*, 185 F.3d 850 (7th Cir. 1999). As in *Perlman*, Plaintiff insisted on pursuing a ill-suited claim under a federal statute for the purpose of federal court access and that one federal claim (i.e. FLSA) was dismissed prior to trial. Such tactics should not be awarded with a taxation of costs in favor of Plaintiff.

Plaintiff further explains the sudden appearance of the purported "work product" on which the entire case rested by claiming that Plaintiff "recalled the existence of things" as "trial progressed."[1] However, the trial was not the first time Plaintiff had been asked about the quality and quantity of any work product. Counsel for the Drive Parties deposed Plaintiff, during which he did not mention any of the "work product" that his counsel attempted to admit during the trial. Counsel for the Drive Parties issued written discovery that similarly did not elicit disclosure of these documents, nor even a description of them. Plaintiff did not claim that any documents were missing from the Drive Parties' documents production (in the event certain work product was

---

[1] Plaintiff does not claim a technological problem, or some other plausible explanation, is at the heart of this issue. If Plaintiff had misplaced an outside hard drive, or had to recover information from a crashed computer, that would weigh more in favor of a good faith oversight. Failing to remember the existence of the key elements of your case, which are the only evidence besides ambiguous text messages, is not.

alleged to be in the Drive Parties' possession). Considering the weight that credible work product would have carried in this case (including as exhibits for Plaintiff's motion for summary judgment, or in settlement discussions), it is very difficult to understand how the sudden appearance of these documents during Plaintiff's rebuttal testimony was anything other than bad faith.

For the reasons set forth above and in the Drive Parties' Appeal of Taxation of Costs, the Drive Parties respectfully request that the Court deny the taxation of costs in favor of Plaintiff and instead enter a taxation of costs in favor of the Drive Parties in the amount of $3,461.20 or for other such relief as the Court sees fit.

Dated this 15th day of January 2022.    Respectfully submitted,

/s/ *Lisa N. Nobles*_____
Sussex Law, LLC
1129 E. 17th Ave.
Denver, CO 80218
Tel. (720) 223-6525;
lnobles@sussexlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

penn@andersondodson.com
Christopher@andersondodson.com


                                                        *s/    Lisa N. Nobles*