IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge R. Brooke Jackson

Civil Action No. 1:20-cv-01485-RBJ

KEITH CLINGMAN,

    Plaintiff,

v.

DRIVE COFFEE, LLC,
DRIVE COFFEE, INC., and
ALEX GRAPPO,

    Defendants.

---

ORDER ON APPEAL from TAXATION OF COSTS

---

Defendants appeal the Clerk's taxation of costs in favor of the plaintiff. ECF No. 76. The appeal is denied.

Briefly, plaintiff Keith Clingman, claiming to be a former employee of Drive Coffee, LLC, sued to recover what he claimed to be unpaid and underpaid wages due pursuant to the Fair Labor Standards Act and various state laws. The Court dismissed the FLSA claim, leaving subject matter jurisdiction dependent on diversity of citizenship. The case ultimately went to the jury on claims asserted under the New York Labor Law, breach of contract, and unjust enrichment. The jury found that plaintiff was not an employee of Drive Coffee (eliminating the New York Labor Law claim), and that there was no contract between the parties, but that defendants were liable to plaintiff in the amount of $40,280 on his unjust enrichment claim. *See* ECF No. 70 (jury verdict, redacted).

The Court entered its Final Judgment in favor of the plaintiff in that amount.  ECF No. 71.  The Court further found that plaintiff was the "prevailing party" and awarded costs to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1. *Id.*  The Clerk, after conducting a costs hearing, awarded costs in favor of the plaintiff in the amount of $3,584.89.  ECF No. 75.

Defendants subsequent filed what purports to be an appeal from the Clerk's award of costs.  ECF No. 76.  However, it does not dispute any cost assessed by the Clerk.  Rather, it amounts to a dispute with the portion of the Final Judgment that declared plaintiff to be the prevailing party, because the FLSA claim was dismissed, and plaintiff prevailed on only one of the claims that went to the jury.  Thus, the "appeal" in substance is a motion to alter or amend the judgment under Fed. R. Civ. P. 59.  As such, however, it is untimely, having been filed more than 28 days after the entry of judgment.  Rule 59(e).  In any event, defendants have not shown that the Court committed error, let alone clear error, in determining that plaintiff was the prevailing party.

Defendants also point to the statute addressing diversity of citizenship jurisdiction, specifically, to 28 U.S.C. § 1332(b).  It provides that "where a plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $75,000 . . . the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff."  Again, since the Court entered judgment in favor of the plaintiff and awarded costs, the argument essentially is an untimely motion to alter or amend the judgment.  Moreover, § 1332(b) by its terms is discretionary with the Court.  Here, plaintiff's primary ground for suit, as his counsel emphasized, was counsel's belief that plaintiff was an employee and was entitled to the protections of the FLSA and the New York Labor Law.  There

was evidence that could be interpreted to have created an employment relationship (and that could be interpreted to have created a monetary liability exceeding $75,000). The jury resolved the facts otherwise. I agree with defendants and the Seventh Circuit that "§ 1332(b) enables federal courts to protect themselves from suits in which federal claims have been trumped up only to impose upon federal jurisdiction." *Perlman v. Zell,* 185 F.3d 850, 859 (7th Cir. 1999). However, I do not find this to be such a case.

## ORDER

Defendants' appeal from the Clerk's taxation of costs, ECF No. 76, is DENIED.

DATED this 28th day of April, 2022.

BY THE COURT:

*[signature: Brooke Jackson]*

_____
R. Brooke Jackson
Senior United States District Judge